KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
CHRISTOPHER J. BECKER, State Bar No. 230529
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 445-4928
 Facsimile:  (916) 324-5205
 E-mail:  Diana.Esquivel@doj.ca.gov
*Attorneys for Defendants*

LORI RIFKIN, SBN 244081
RIFKIN LAW OFFICE
 P.O. Box 19169
 Oakland, California 94169
 Telephone: (415) 685-3591
 Facsimile: (510) 255-6266
 Email: lrifkin@rifkinlawoffice.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **JERMAINE PADILLA,**<br><br>                              Plaintiff,<br><br>   v.<br><br>**JEFFREY BEARD, et al.,**<br><br>                              Defendants. | No. 2:14-cv-1118 KJM-CKD<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Action Filed:   May 6, 2014 |

In an effort to facilitate discovery in this matter, Plaintiff Jermaine Padilla and Defendants Acevedo, Baer, Beard, Castro, Davey, Drew, Garcia, Gipson, Godina, Holguin, Johnson, Kaiser, LaClaire, Martinez, Overley, Pruneda, Robicheaux, Silva, Sao, Solis, Stainer, and Wagner (collectively, "Defendants") stipulate as follows:

1

1. All information, testimony, documents, or things produced or given (by a party or by a non-party) as part of discovery in this action shall be governed by this Stipulated Protective Order.  This Protective Order designates certain material as "CONFIDENTIAL."

2. CONFIDENTIAL designation.  The following materials are deemed to be CONFIDENTIAL and to contain CONFIDENTIAL INFORMATION no matter from whom or by whom they are obtained:  (i) all personnel records, compensation information, and disciplinary records pertaining to any party; (ii) all materials containing the protected health information of any patient; (iii) training material currently used or used in the past by the California Department of Corrections and Rehabilitation (CDCR) and/or California State Prison-Corcoran (COR), including but not limited training material on the use of force, Oleoresin Capsicum spray (pepper spray), restraints, and extractions; (iv) CDCR and/or COR policies and procedures that have been designated as "confidential" by the department or prison; (v) drafts of or proposed changes to CDCR and/or COR policies and procedures that were not or have not been adopted or implemented by the department or prison; and (vi) any other material that the parties agree contains CONFIDENTIAL INFORMATION.

3. CONFIDENTIAL INFORMATION shall be designated as follows:

   A. Documents provided by a party or non-party containing CONFIDENTIAL INFORMATION shall be designated by marking the first page of each such document and each page or pages on which such information appears with the following legend, or equivalent: "CONFIDENTIAL;"

   B. Deposition testimony that comprises CONFIDENTIAL INFORMATION may be designated as such by indicating on the record at the deposition that the specific testimony is subject to the provisions of this Protective Order or by doing so in writing to the other parties within thirty (30) days after the transcript of the deposition has been sent to counsel for the parties by the Court reporter.  All information revealed during a deposition, unless otherwise agreed to by the parties in writing or on the record, shall be treated as CONFIDENTIAL during the deposition and for a period of thirty (30) days after the deposition transcript has been sent to counsel for all parties by the Court reporter;

   C. Discovery requests or responses, or affidavits, briefs, or other papers filed with the Court and containing CONFIDENTIAL INFORMATION may be designated as such by prominently marking the cover with the appropriate legend;

   D. Tangible objects constituting or containing CONFIDENTIAL INFORMATION may be designated as such by affixing to the object or its container at the time of production a label or tag marked with the appropriate legend.

  4. All CONFIDENTIAL INFORMATION produced or exchanged in the course of this litigation shall be used solely for the purpose of preparing for and conducting this litigation, including trials and appeals, if any, and shall not be used in any other civil action or for any other purpose.  CONFIDENTIAL INFORMATION shall not be made public by the receiving party or disclosed to persons not entitled to access under this Protective Order.

  5. Access to or dissemination of CONFIDENTIAL INFORMATION shall be limited by the receiving party to:

   A. Litigation counsel for the receiving party in this litigation and their firm staff, including attorneys, paralegals, secretaries and support staff whose function requires access to CONFIDENTIAL INFORMATION;

   B. Independent experts and consultants retained by a receiving party or counsel of record in connection with this lawsuit and their assistants and clerical staff;

   C. Independent litigation support service personnel, including interpreters, translators, and personnel at copying, imaging, and/or coding services;

   D. Court personnel, including any stenographic reporters, law clerks, paralegals, secretarial, clerical and other court personnel;

   E. An officer before whom a deposition is taken, including stenographic reporters and any secretarial, clerical, or other lay personnel assisting such officer;

   F. The Court or jury in this action;

   G. The parties to this action or, in the case of any party that is not a natural person, the officers, directors, and managing agents of such party;

1        H. Insurers and anyone potentially obligated to indemnify any party to the action for

2    liability in this action.

3        6. The persons entitled to have access to CONFIDENTIAL INFORMATION pursuant to

4    the terms of paragraph 5 shall not make available such CONFIDENTIAL INFORMATION to

5    any person other than: (i) those persons entitled to such access pursuant to the terms of paragraph

6    5, or (ii) the party who produced the CONFIDENTIAL INFORMATION.  With respect to a

7    document or thing designated as containing CONFIDENTIAL INFORMATION, a person

8    indicated on the face of the document or thing to be its originator, author, or recipient of a copy or

9    where it is otherwise established at deposition and/or to the satisfaction of both parties that the

10   person had access to the document or thing prior to its production in this litigation, may be shown

11   that document or thing.

12       7. When a party seeks to submit documents to the Court that are or contain

13   CONFIDENTIAL INFORMATION, or that quote or refer to the substance of any such

14   CONFIDENTIAL INFORMATION, the submitting party shall bring a motion to file such

15   documents under seal in compliance with Local Rule 141.  The parties must comply with all local

16   rules regarding the filing of documents under seal.  When a party seeks to submit documents

17   containing its own CONFIDENTIAL INFORMATION to the Court, the submitting party may, in

18   its discretion, bring a motion to file such documents under seal.  When a party declines to seek an

19   order sealing documents submitted to the Court containing its own CONFIDENTIAL

20   INFORMATION, the submitted material will no longer qualify for protection as

21   CONFIDENTIAL INFORMATION under this Protective Order.

22       8. In the event that any CONFIDENTIAL INFORMATION is used in any Court pre-trial

23   proceeding in this litigation (including but not limited to conferences, oral arguments, or

24   hearings), the CONFIDENTIAL INFORMATION shall not lose its status as CONFIDENTIAL

25   INFORMATION through such use.  Prior to such pre-trial proceeding, the party intending to use

26   such CONFIDENTIAL INFORMATION shall notify the party whose CONFIDENTIAL

27   INFORMATION is at issue of its intention.  Upon such notification, the parties shall meet and

28   confer, and the party seeking to use the CONFIDENTIAL INFORMATION shall take all steps

reasonably required to protect the confidentiality of the CONFIDENTIAL INFORMATION during such use, including, but not limited to, requesting in camera proceedings.  The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.  The parties agree to meet and confer in good faith prior to trial to establish procedures for the use of CONFIDENTIAL INFORMATION at trial.

9. Documents and things designated as containing CONFIDENTIAL INFORMATION and any copies or extracts shall be retained by the receiving party in the custody of the attorneys of record during the pendency of this action, except as reasonably necessary to provide access to persons authorized under the provisions of this Stipulated Protective Order.  Any person who receives any CONFIDENTIAL INFORMATION shall maintain such material in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use, and/or dissemination of such material.

10. Nothing in this Protective Order shall bar or otherwise restrict any attorney for a receiving party from rendering appropriate advice to the client with respect to this litigation, and in the course of rendering such advice, referring to or relying generally on the substance of CONFIDENTIAL INFORMATION reviewed.

11. Nothing in this Protective Order shall be construed as a limitation on a party's ability to show its own CONFIDENTIAL INFORMATION to whomever the party may deem appropriate. Nothing in this Protective Order shall be construed to limit a party's use of information already in its possession prior to the litigation, provided that use complies with all other legal requirements.

12. A receiving party shall not be obligated to challenge the propriety of a CONFIDENTIAL INFORMATION designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that a party disagrees with a designation of information as CONFIDENTIAL INFORMATION, the parties shall try first to dispose of such dispute in good faith and on an informal basis.  If the dispute cannot be resolved, any party may seek appropriate relief from this Court.  If such relief is requested from the Court, it shall be the burden of the party claiming protection under this Protective Order to establish that the contested material is CONFIDENTIAL INFORMATION.  The information underlying the dispute shall be

treated as CONFIDENTIAL INFORMATION until the Court enters a ruling resolving the dispute.

13. If a party, through inadvertence, produces or discloses any CONFIDENTIAL INFORMATION without designating, labeling, marking or otherwise indicating it as such in accordance with the provisions of this Stipulated Protective Order, the producing party will not be deemed to have waived confidentiality, as to that information, provided that, as soon as reasonably possible after becoming aware of the inadvertent failure to mark, the producing party gives written notice to the receiving party that the document or thing produced is deemed CONFIDENTIAL INFORMATION and should be treated as such in accordance with the provisions of this Order.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked as CONFIDENTIAL INFORMATION.  The receiving party must thereafter treat such documents and things as CONFIDENTIAL INFORMATION and must make reasonable attempts to retrieve CONFIDENTIAL INFORMATION previously disclosed to persons not entitled to such access.  Within ten (10) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked items and all copies.

14. Any request by a party for an order permitting disclosure of CONFIDENTIAL INFORMATION to persons to whom disclosure of such information would otherwise be prohibited hereunder shall be denied unless good cause is shown.

15. No provision of this Protective Order shall be deemed to waive any applicable privilege or work-product protection or to affect the ability of a party to seek relief for inadvertent disclosure of material protected by privilege or work-product protection.  If a party, through inadvertence, produces or discloses any document or information that it believes is subject to any privilege or immunity, e.g., the attorney-client privilege or work product immunity, such production shall not be deemed a waiver of any such privilege or immunity when the producing party gives written notice to the receiving party that the document or information produced is deemed privileged or immune and requests the return or destruction of the document or information.  Upon receipt of such written notice, the receiving party shall promptly return to the

producing party or destroy the original, all copies, and any portions of notes, papers, summaries or other instruments that comprise, embody, summarize, discuss or quote from documents or things for which the attorney-client privilege or work product immunity is asserted.  Subsequent to such written notice, no use shall be made of such documents, including during depositions or at trial, nor shall they be shown to anyone.

16. Within sixty (60) days after the termination of this litigation including all appeals thereof, each party shall assemble all documents, objects, and other material furnished and designated as containing CONFIDENTIAL INFORMATION, all copies or reproductions, and all documents incorporating CONFIDENTIAL INFORMATION, and shall either (i) return such CONFIDENTIAL INFORMATION to the producing party, or (ii) destroy such CONFIDENTIAL INFORMATION.  The attorneys of record for each receiving party shall be entitled to retain a copy of all pleadings, motion papers, discovery responses, deposition and trial transcripts, exhibits, legal memoranda, correspondence, attorney work product, and any other documents related to this litigation, provided said attorney and the employees of said attorney shall not disclose any CONFIDENTIAL INFORMATION of a producing party except as compelled by law and after reasonable notice to the producing party.

17. Any person receiving CONFIDENTIAL INFORMATION under the terms of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

18. The terms of the Stipulated Protective Order shall survive the final termination of this civil action except to the extent that any CONFIDENTIAL INFORMATION becomes known to the public.

19. Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, and adherence to this Protective Order in no way constitutes an admission by any party that any information designated pursuant to this Protective Order is or is not confidential.  In addition, adherence to

this Protective Order in no way constitutes a waiver of any party's right to object to any discovery requests or admission of evidence on any grounds.

20. This Stipulated Protective Order and the parties' agreements and obligations under this stipulation shall not prevent any party from applying to the Court for further or additional protective orders, for modification of any of the terms and provisions of this Protective Order, or from agreeing between themselves to a modification of this Protective Order, subject to the approval of the Court, or from presenting to the Court any matter relating to this Protective Order.

21. This Court shall retain jurisdiction to resolve any disputes arising under this Protective Order for twelve (12) months after the conclusion of the litigation.

IT IS SO STIPULATED.

Dated: May 28, 2015                    Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
CHRISTOPHER J. BECKER
Supervising Deputy Attorney General

*/s/ Diana Esquivel*

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendants*

Dated: May 28, 2015                    RIFKIN LAW OFFICE

*/s/ Lori Rifkin*
LORI RIFKIN
Attorneys for Plaintiff

SA2014313303

8

**ORDER**

Good cause appearing, the parties' stipulated request for a protective order is granted. The protective order shall govern discovery in this case as set forth above.

IT IS SO ORDERED.

Dated:  June 2, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE