# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE PADILLA, | No. 2:14-cv-1118-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| JEFFREY BEARD, et al., | |
| Defendants. | |

Presently before the court is plaintiff's motion to excuse him from appearing in person at the settlement conference before the undersigned scheduled in this action for April 1, 2016, at 9:00 a.m. (ECF No. 107.) Plaintiff contends that his proposed absence from the settlement conference should be excused in light of concerns by plaintiff's mental health treatment team's that plaintiff's travel to Sacramento for the settlement conference would jeopardize the stability of his mental health and an upcoming opportunity for his placement in permanent supportive housing at a board and care facility. (Id.) In support of this argument, plaintiff attaches a declaration of his counsel, Lori Rifkin, which includes a letter from one of plaintiff's treating psychologists. (ECF No. 107-1 ("Rifkin Decl.").) This declaration generally evidences the concerns plaintiff's treating mental health physicians have with the potential negative impact that travel to Sacramento and in-person attendance at the settlement conference will have on plaintiff's mental status. (Id.) Plaintiff claims that, in lieu of attending in person, he can be

1

available by phone for consultation during the settlement conference, and has authorized his counsel to conduct settlement negotiations on his behalf. (ECF No. 107 at 2.) After considering plaintiff's motion and the supporting documentation, plaintiff's motion is DENIED for the reasons discussed below.

While the undersigned is sympathetic to the difficulties that in-person attendance may pose regarding plaintiff's attempts to stabilize his mental health, he has not shown that he is incompetent to make informed decisions regarding the direction of this action or is otherwise unable to appropriately engage in the settlement process in person.[1] Indeed, as plaintiff notes in his motion and his counsel states in her declaration, plaintiff himself has expressed a willingness to attend the settlement conference in person. (ECF No. 107 at 2; Rifkin Decl. ¶ 5.) Furthermore, counsel's proposal that plaintiff attend the settlement conference telephonically demonstrates that plaintiff still has the capacity to engage in and make informed decisions regarding the settlement process. In addition, plaintiff's counsel indicates that while plaintiff's mental health is still tenuous, it "has improved since January [, when plaintiff was unable to complete a deposition,] with more consistent medication" (Rifkin Decl. ¶ 7), further indicating that plaintiff's mental condition is sufficiently stable such that he can attend the settlement conference in person and appropriately engage in the process. The undersigned finds that plaintiff's attendance at his own settlement conference would assist in the settlement process to a degree that his availability by telephone would not and that the benefit of his in-person attendance outweighs the potential burden plaintiff demonstrates with regard to the impact on his mental health. Accordingly, the undersigned finds that plaintiff has failed to provide good cause for his request. Therefore, it is denied.

Nevertheless, while the undersigned finds plaintiff's in-person attendance at the settlement conference necessary, plaintiff is informed that the undersigned is open to entertaining a properly-noticed *ex parte* request to briefly continue the April 1, 2016 settlement conference to a later date

---

[1] Furthermore, the undersigned expresses serious concerns about plaintiff's ability to provide testimony later on in this action either through deposition or at trial to the extent plaintiff suggests that his mental status renders him incompetent such that he cannot engage in settlement negotiations in person.

even at this late hour in order to accommodate plaintiff's mental health care. However, any such request *must* include attached medical documentation indicating whether plaintiff will likely be able to stabilize his mental condition such that he could engage in in-person settlement negotiations at a later time, and, if so, how long plaintiff will likely need to reach a sufficiently stabilized mental state.

    Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to excuse him from in-person attendance of the April 1, 2016 settlement conference (ECF No. 107) is DENIED.
2. Plaintiff may still request a brief continuance of the April 1, 2016 settlement conference provided that such a request includes medical documentation evidencing whether plaintiff will likely be able to stabilize his mental condition such that he could engage in in-person settlement negotiations at a later time, and, if so, how long plaintiff will likely need to reach a sufficiently stabilized mental state.

    IT IS SO ORDERED.

Dated: March 30, 2016

KJN/amd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3