UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE PADILLA, | No. 2:14-cv-1118-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| JEFFREY BEARD, et al., | |
| Defendants. | |

Presently before the court is plaintiff's *ex parte* application to continue the settlement conference before the undersigned scheduled in this action for April 1, 2016, at 9:00 a.m. (ECF No. 109.) Defendants filed a response noting that defendants do not object to plaintiff's request provided that the court grant a continuance of no more than one to two weeks. (ECF No. 110.)

Plaintiff submitted the present application in response to the court's March 30, 2016 order denying plaintiff's previous motion to excuse him from making an in person appearance at the April 1, 2016 settlement conference. (ECF No. 108.) In that order, the undersigned noted that plaintiff may file a request to continue the settlement conference provided that he submit "medical documentation evidencing whether plaintiff will likely be able to stabilize his mental condition such that he could engage in in-person settlement negotiations at a later time, and, if so, how long plaintiff will likely need to reach a sufficiently stabilized mental state." (Id. at 3.) While plaintiff did not provide the requested medical documentation with his application, he

1

included a declaration by his counsel, Lori Rifkin, which indicates that his counsel spoke with a member of plaintiff's mental health care team who stated "that it is difficult to predict the timeline for plaintiff's stabilization" and that it was doubtful that medical documentation of plaintiff's mental state could be provided before the currently-scheduled settlement conference date.  (ECF No. 109-1, Decl. of Lori Rifkin ¶ 5.)  Subsequent to his application, plaintiff filed a supplemental declaration by Lori Rifkin containing a letter from one of plaintiff's physicians opining that the current state of plaintiff's mental health prevents him from "participat[ing] in any court room setting or represent[ing] his own interests."  (ECF No. 112 at 4.)  In light of these declarations and the short notice on which plaintiff had to provide the ordered documentation, the undersigned finds that the requirements of the March 30, 2016 order have been substantially satisfied.  Moreover, after reviewing plaintiff's application and defendants' response, and in light of defendants' apparent lack of objection to continuing the settlement conference to a later date, the undersigned finds that good cause exists to continue the April, 1, 2016 settlement conference.  Accordingly, plaintiff's application is granted.

Plaintiff's application does not contain any suggested dates for when the continued settlement conference is to occur.  However, defendants assert that the continuance should be limited to no more than one to two weeks due to the fact that the expert discovery deadline in this matter is currently set for April 19, 2016, and depositions of certain experts have already been scheduled to occur in early-to-mid April in order to avoid expenses related to that discovery if the parties reach settlement of this action on April 1, 2016.  (ECF No. 110.)  Defendants represent that plaintiff's counsel has agreed to continue the expert depositions to a later date in April 2016, but that a continuance of more than a couple of weeks would require the parties to schedule those depositions prior to the settlement conference date, thus leading to potentially needless expense if the case were to settle.

The undersigned is sensitive to the fact that the parties may have to incur additional discovery-related costs, potentially unnecessarily, if the expert depositions were to take place prior to the settlement conference.  However, the undersigned must also weigh the interest in plaintiff receiving adequate time to receive the mental health care apparently necessary for

plaintiff to directly engage in the settlement process, as well as the undersigned's own availability to conduct the settlement conference. After taking all of these factors into consideration, the undersigned determines that the continued settlement conference date will need to be scheduled beyond the timeline asserted by defendants. Accordingly, counsel for the parties are directed to meet and confer to determine several mutually agreed upon dates in *early May 2016* as proposed dates on which to hold the continued settlement conference.[1] By no later than April 8, 2016, counsel for the parties shall contact the undersigned's courtroom deputy with their proposed dates and a final date for the continued settlement conference will be scheduled via minute order at that time.

Plaintiff indicates in his motion and in the attached declaration that counsel for both parties are willing to have plaintiff appear by via video conference at the continued settlement conference.[2] While the undersigned has expressed the opinion that plaintiff's in-person appearance at the settlement conference would be preferable, the possibility of plaintiff's attendance via video conference is not ruled out at this juncture. The parties are informed that they may file a request for plaintiff's appearance at the settlement conference via video conference that provides good cause for why plaintiff's attendance via video would be beneficial to plaintiff's participation in that proceeding and why that means of attendance would not unduly hinder the settlement process.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's *ex parte* application to continue the April 1, 2016 settlement conference (ECF No. 109) is GRANTED.
2. The April 1, 2016 settlement conference is VACATED.

---

[1] If the parties are concerned about the need to conduct further discovery before the continued settlement conference date in order to meet the deadlines set forth in the pretrial scheduling order, they may file a request to modify the scheduling order with the presiding district judge to extend the expert discovery and other pretrial deadlines in order to allow the parties time to conduct their proposed discovery, if necessary, after the date of the continued settlement conference.

[2] Defendants note in their response to plaintiff's application that they "offer no opinion on the manner in which [p]laintiff appears at and participates in the settlement conference." (ECF No. 110 at 2.)

3

3. Counsel for the parties shall meet and confer to determine several mutually agreed upon dates in early May 2016 as proposed dates on which to hold the continued settlement conference.  By no later than April 8, 2016, counsel for the parties shall contact the undersigned's courtroom deputy with their agreed upon proposed dates and a final date for the continued settlement conference will be set via minute order at that time.

4. The parties may file a request for plaintiff's appearance at the settlement conference via video conference.  Such a request shall provide good cause for why plaintiff's attendance via video would be beneficial to plaintiff's participation in that proceeding and why that means of attendance would not unduly hinder the settlement process.

IT IS SO ORDERED.

Dated:  March 31, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE