1 | KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
2 | CHRISTOPHER J. BECKER, State Bar No. 230529
Supervising Deputy Attorney General
3 | DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
4 |   1300 I Street, Suite 125
    P.O. Box 944255
5 |   Sacramento, CA 94244-2550
    Telephone:  (916) 445-4928
6 |   Facsimile:  (916) 324-5205
    E-mail:  Diana.Esquivel@doj.ca.gov
7 | *Attorneys for Defendants*

8 | LORI RIFKIN, State Bar No. 244081
RIFKIN LAW OFFICE
9 |   P.O. Box 19169
    Oakland, California 94619
10|   Telephone: (415) 685-3591
    Facsimile: (510) 255-6266
11|   Email: lrifkin@rifkinlawoffice.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **JERMAINE PADILLA,** | No. 2:14-cv-1118 KJM-CKD |
| Plaintiff, | **STIPULATION & ORDER TO MODIFY SCHEDULING ORDER** |
| v. | |
| **JEFFREY BEARD, et al.,** | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Local Rule 143, and Dkt. No. 115, the parties, through their counsel of record, jointly request a modification of the December 3, 2015 Scheduling Order, Dkt. No. 78, for a 45-day extension of the deadline to complete expert discovery and a 49-day extension of the deadline to hear dispositive motions.

1

Currently, the expert discovery cut-off is April 29, 2016, and the last day to hear dispositive motions is June 17, 2016. The parties jointly propose that these dates be modified so that the expert discovery cut-off is June 13, 2016, and the last day to hear dispositive motions is August 5, 2016. The parties submit that this modest extension should not require the alteration of any other dates in the scheduling order, including the scheduled trial date of January 9, 2017.

A scheduling order may be modified only upon a showing of good cause and by leave of Court. Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (describing the factors a court should consider in ruling on such a motion). In considering whether a party moving for a schedule modification has good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the amendment.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee notes of 1983 amendment).

Good cause exists to grant this stipulation because a settlement conference is scheduled before Magistrate Judge Newman on May 2, 2016, Dkt. No. 114, and, at the suggestion of the Court, the parties have mutually agreed to put off completion of expert depositions until after that date. The settlement conference was originally scheduled for April 1, 2016, with expert depositions scheduled to take place subsequently if the case did not settle, but the settlement conference was continued in order to accommodate Plaintiff's mental health considerations. Dkt. No. 113. The parties timely disclosed expert reports on February 26, 2016, and expert depositions are the only outstanding expert discovery in this case.[1] The parties have already ascertained expert availability and agreed upon deposition dates that will allow them to promptly complete expert discovery by the proposed June 13, 2016 deadline if the case does not settle on May 2, 2016. The parties believe the completion of expert discovery will aid the Court in

---

[1] The only other outstanding discovery is the completion of Plaintiff's deposition, which must be completed by September 30, 2016 if he is to testify at trial. Dkt. No. 98. The Court made this modification to the scheduling order in recognition of Plaintiff's mental status that prevented him from completing his deposition on January 7, 2016. *Id.*

considering any dispositive motions, and therfore propose that the hearing date for any such motions be extended from June 17, 2016 to August 5, 2016 so that the parties can utilize expert reports and testimony.

The parties submit that they have diligently pursued expert discovery in this case, and seek this modest extension following the suggestion of the Court and the re-scheduling of the settlement conference. The parties have mutually agreed to postpone expert depositions until after the May 2, 2016 settlement conference in order to avoid any unnecessary costs to the parties if the case does settle.

The parties therefore propose the following modification to the Scheduling Order:

| | |
|---|---|
| Expert Discovery Deadline | June 13, 2016 |
| Deadline to Hear Dispositive Motions | August 5, 2016 |

The parties do not seek an extension of any other deadlines.

IT IS SO STIPULATED.

Dated: April 4, 2016                              Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
CHRISTOPHER J. BECKER
Supervising Deputy Attorney General


*/s/ Diana Esquivel*

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendants*

Dated: April 4, 2016                              RIFKIN LAW OFFICE

*/s/ Lori Rifkin*

Lori Rifkin
*Attorney for Plaintiff*

**ORDER**

Based on the parties' stipulated request and good cause appearing:

1. The parties' request to modify the scheduling order is GRANTED.

2. The expert discovery cut-off is re-set for June 13, 2016 and the deadline for hearing dispositive motions is re-set for August 12, 2016. [2]

IT IS SO ORDERED.

Dated: April 6, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

[2] The court has been advised that August 5, 2016 is not a date available on the District Court's law and motion calendar. Accordingly, the date has been revised to August 12, 2016, a date which is available.