UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE PADILLA, | No. 2:14-cv-1118-KJM-CKD |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| JEFFREY BEARD, et al., | |
| Defendants. | |

     Presently before the court is plaintiff's *ex parte* request to permit both him and his counsel to appear at the settlement conference before the undersigned currently set for May 2, 2016, via remote videoconference.  (ECF No. 118.)  Plaintiff filed this request pursuant to the undersigned's March 31, 2016 order permitting plaintiff to file such a request provided that he "provide good cause for why [his] attendance via video would be beneficial to [his] participation in that proceeding and why that means of attendance would not unduly hinder the settlement process."  (ECF No. 113 at 4.)  For the reasons discussed below, plaintiff's request is denied.

     Plaintiff contends that good cause exists for permitting his appearance via videoconference because attendance at the settlement conference via such remote means would appropriately accommodate his psychiatric disability, therefore enhancing plaintiff's ability to meaningfully participate in the settlement process.  More specifically, plaintiff argues that he is now housed in a residential treatment program in Ventura County and that having a consistent

1   environment during his treatment there will assist in the stabilization and improvement of his
2   mental condition.  Plaintiff asserts that travel from Ventura County to Sacramento to attend the
3   settlement conference in person would jeopardize this stabilization and would likely prove
4   detrimental to the parties' efforts to resolve this case.
5       Plaintiff also contends that his counsel's attendance via video conference would be
6   beneficial because it would allow him and his counsel to easily and confidentially consult prior to
7   and throughout the conference.  He also asserts that it would allow his counsel to more easily
8   provide appropriate legal assistance because she would be better able to readily assess plaintiff's
9   physical and mental state and determine whether breaks will be needed to accommodate
10  plaintiff's mental condition.  Finally, plaintiff contends that his counsel's presence with him via
11  videoconference would give his counsel a greater ability to address any logistical issues that may
12  arise.
13      Plaintiff represents that defendants' counsel has expressed a willingness to stipulate to
14  plaintiff's appearance via videoconference, but not with regard to plaintiff's counsel's appearance
15  via that means.  However, defendants' counsel also expressed that defendants will not formally
16  object to or otherwise oppose plaintiff's request.
17      As an initial matter, the undersigned notes that the previous order permitting plaintiff to
18  file a request to appear at the settlement conference via videoconference pertained to plaintiff's
19  attendance only; that order did not permit plaintiff to make a similar request with regard to his
20  counsel.  (See ECF No. 113.)  Accordingly, plaintiff's request is denied insofar as it relates to his
21  counsel's attendance via videoconference.  While the undersigned acknowledges the potential
22  advantages plaintiff asserts with regard to having his counsel in the same physical location as
23  him, such arguments are moot because the undersigned also finds that plaintiff fails to provide
24  good cause for his own attendance via videoconference for the reasons discussed below.
25      First, while plaintiff notes that consistency of environment is a factor in his treatment at
26  his new care facility, he also represents that his facility only requires new treatment program
27  residents to not leave the facility except for medical appointments for the first two weeks.  Based
28  on plaintiff's representations, he will have been a resident of that facility for a period greater than

two weeks by May 2, 2016, thus indicating that plaintiff's travel to and attendance at the settlement conference may not impede his treatment progress to the degree plaintiff asserts. Furthermore, as the undersigned has noted in previous orders, plaintiff's in-person attendance at the settlement conference would assist in the settlement process to a degree that his availability by remote means would not. Furthermore, because plaintiff's counsel must attend in-person, plaintiff's attendance via remote means would cause additional logistical difficulties regarding his counsel's ability to confidentially consult with him, monitor his physical and mental state, and generally provide appropriate legal assistance. In short, the undersigned finds that the benefit of plaintiff's in-person attendance outweighs the potential burden plaintiff demonstrates with regard to the potential impact on his mental health treatment. Accordingly, plaintiff's request is denied.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's *ex parte* application to appear at the May 2, 2016 settlement conference via videoconference (ECF No. 118) is DENIED.
2. Plaintiff and his counsel shall appear at the May 2, 2016 settlement conference before the undersigned in person.

IT IS SO ORDERED.

Dated: April 21, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE