Lori Rifkin, Esq. [S.B. # 244081]
HADSELL STORMER & RENICK LLP
4300 Horton Street, #15
Emeryville, CA 94608
Telephone: (415) 685-3591
Facsimile: (626) 577-7079
Email: lrifkin@hadsellstormer.com

Dan Stormer, Esq. [S.B. #101967]
Caitlan McLoon, Esq. [S.B. #302798]
HADSELL STORMER & RENICK LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
Emails: dstormer@hadsellstormer.com
          cmcloon@hadsellstormer.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| Jermaine Padilla,<br><br>    Plaintiff,<br><br>  v.<br><br>Jeffrey Beard, et al.,<br><br>    Defendants. | Case No.: 2:14-cv-01118-KJM-CKD<br><br>[Assigned to the Honorable Kimberly J. Muel<br>Courtroom 3]<br><br>**PLAINTIFF'S [PROPOSED] JURY<br>INSTRUCTIONS**<br><br>DATE:  April 17, 2017<br>TIME:  9:00 a.m.<br>CRTRM: 3<br><br>Complaint Filed:  May 6, 2014<br>Trial Date:   April 17, 2017 |

1  **TO THE COURT, ALL PARTIES AND TO THEIR RESPECTIVE COUNSEL OF RECORD**

2  **HEREIN:**

3        Plaintiff hereby submits his Proposed Jury Instructions.  Pursuant to the Court's Standing

4  Order, these do not include the Court's standard civil jury instructions.  Additional, fewer, or different

5  instructions may be needed as the evidence develops at or before trial and/or as motions and other

6  matters are ruled upon. Plaintiff reserves the right to amend these instructions.

7

8  Dated: April 3, 2017               Respectfully Submitted,

9                          HADSELL STORMER & RENICK LLP

10                          By:   __/s/ - Lori Rifkin_____

11                                Dan Stormer

                              Lori Rifkin

12                                Caitlan McLoon

                              Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

2

| Number | Title | Source | Page(s) |
|--------|-------|--------|---------|
| 1 | Judicial Notice | 9th Cir. 2.3; *Coleman v. Brown*, 28 F. Supp. 3d 1068, 1078-88 (E.D. Cal. 2014); *Coleman v. Brown*, 938 F.Supp.2d 955, 980-82 & 988-89 (E.D. Cal. 2013); *Coleman v. Wilson*, 912 F.Supp. 1282, 1308-09, 1312-13, 1320-23 (E.D. Cal. 1995) | 2-3 |
| 2 | Expert Opinion | 9th Cir. Manual of Model Civil Jury Instructions § 2.13 (2007 Ed., as revised 1/2017) | 4 |
| 3 | Charts and Summaries Not Received in Evidence | 9th Cir. 2.14 | 5 |
| 4 | Charts and Summaries Received in Evidence | 9th Cir. 2.15 | 6 |
| 5 | Consideration of Evidence—Conduct of the Jury | 9th Cir. 3.2 | 7-8 |
| 6 | General Damages | *Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1086-87 (9th Cir. 2009) (compensatory damages may be awarded for humiliation and emotional distress even where plaintiff did not submit evidence of economic loss or mental or physical symptoms) (citing *Johnson v. Hale*, 15 F.3d 1351, 1352 (9th Cir. 1994)); *Barnes v. Dist. of Columbia*, 278 F.R.D. 14, 20 (D.D.C. 2011) (general damages based on affront to human dignity were appropriate in class action strip search case); *In re Nassau County Strip Search Cases*, 742 F. Supp. 2d 304, 323 (E.D.N.Y. 2010) (same) | 9 |

| 7 | Presumed Damages | *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 310-311 (U.S. 1986) (citations omitted); *Parrish v. Johnson*, 800 F.2d 600, 606 (6th Cir. 1986); Schwartz & Pratt, Section 1983 Litigation: Jury Instructions, Instruction 18.02.1 | 10 |
| 8 | Nominal Damages | 9th Cir. 5.6; *Hazle v. Crofoot*, 727 F.3d 983, 992 (9th Cir. 2013); *Jacobs v. Clark Cnty. Sch. Dist.*, 526 F.3d 419, 426 (9th Cir. 2008) | 11 |
| 9 | Section 1983 Claim—Introductory Instruction | 9th Cir. 9.1 | 12 |
| 10 | Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof | 9th Cir. 9.3 | 13 |
| 11 | Section 1983 Claim Against Supervisory Defendant in Individual Capacity—Elements and Burden Of Proof | 9th Cir. 9.4 | 14-15 |
| 12 | Particular Rights—Eighth Amendment—Convicted Prisoner's Claim of Excessive Force | 9th Cir. 9.26 | 16-17 |
| 13 | Particular Rights—Eighth Amendment—Convicted Prisoner's Claim re Medical Care | 9th Cir. 9.27 | 18-19 |
| 14 | Deliberate Indifference to a Serious Mental Health Need | *Brown v. Plata*, 563 U.S. 493, 506-07 (2011); *Jett v. Penner*, 439 F.3d 1091, 196 (9th Cir. 2006; *Hutchinson v. United States*, 838 F.3d 390, 394 (9th Cir. 1988); *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1292), abrogated in part on other grounds by *Sandin v. Conner*, 5015 U.S. 472, 481-84 (1995); *Coleman v. Brown*, 28 F. Supp. 3d 1068, 1078-79 & 1087-88 (E.D. Cal. 2014); *Coleman v. Brown*, 938 F.Supp.2d 955, 969 & 981 (E.D. Cal. 2013); *Coleman v. Wilson*, 912 | 20 |

| | | F.Supp. 1282, 1308-09, 1312-13, 1320-23 (E.D. Cal. 1995) | |
|---|---|---|---|
| 15 | Standards for Provision of Mental Health Treatment in State Prison | *Coleman v. Brown*, 938 F.Supp.2d 972 & n.30 (E.D. Cal. 2013) | 21 |
| 16 | Particular Rights—Eighth Amendment— Convicted Prisoner's Claim of Failure to Protect | 9th Cir. 9.28 | 22-23 |
| 17 | ADA—Physical or Mental Impairment | 9th Cir. 12.2 | 24 |
| 18 | ADA—Discrimination | Title II of the ADA; *Penn. Dep't. of Corr. v. Yeskey*, 524 U.S. 206 (1998) | 25 |
| 19 | Absence of Plaintiff | Order Granting Plaintiff's *Ex Parte* Application for Appointment of Guardian Ad Litem (Dkt. 186) | 26 |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

Jermaine Padilla,

            Plaintiff,

    v.

Jeffrey Beard, et al.,

            Defendants.

Case No.: 2:14-cv-01118-KJM-CKD

**JURY INSTRUCTIONS**

    DATED: _____

_____
HONORABLE KIMBERLY J. MUELLER
UNITED STATES DISTRICT JUDGE

**PLAINTIFF'S JURY INSTRUCTION NO. 1**

**Judicial Notice**

When deliberating about whether any individual defendants in this case violated Jermaine Padilla's rights under the Eighth Amendment, the jury is to consider these findings, as true and can be considered as evidence.

a)     In 1995, the Governor of California and Director of the California Department of Corrections, in their official capacities as administrators responsible for running the California prison system,  were violating the rights of inmates with serious mental illness to be free from cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution.  Seriously mentally ill inmates in the California Department of Corrections daily faced an objectively intolerable risk of harm as a result of gross systemic deficiencies through the Department.  Specifically, the Governor and Director were deliberately indifferent to the serious mental health needs of inmates and risk of harm to these inmates by:

1)     Failing to provide ready access to adequate medical care, including access to inpatient hospitalization, resulting in exacerbation of illness and patient suffering;

2)     Failing to provide involuntary medication when necessary for the treatment of gravely mentally ill inmates;

3)     Failing to adopt adequate protocols to govern the use of mechanical restraints on mentally ill inmates and to require appropriate follow-up psychiatric care after restraints have been used;

4)     Failing to adequately train custody staff in identifying the signs and symptoms of mental illness, resulting in custody staff subjecting mentally ill inmates who act out to punitive measures without regard to their mental status;

5)     Subjecting inmates to the use of weapons without regard to whether their behavior was caused by a psychiatric condition and without regard to the impact of those weapons on their psychiatric condition.

b)     In 2013, the Governor of California and Secretary of the California Department of Corrections and Rehabilitation, in their official capacities, continued to violate the rights of inmates

with serious mental illness to be free from cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution.  They had failed to remedy the violations found in 1995, and continued to be deliberately indifferent to the serious mental health needs of inmates and risk of harm to these inmates.

       c)     The use of force policies, procedures, and practices that governed the cell extraction of Mr. Padilla in 2012 were unconstitutional because they violated the right of inmates with serious mental illness to be free from cruel and unusual punishment.  The use of force policies and practices permitted use of force against seriously mentally ill inmates without regard to 1) whether their behavior was caused by mental illness, and (2) the substantial and known psychiatric harm and risks thereof caused by such applications of force.  Specifically, the use of force policies governing the cell extraction of Mr. Padilla violated the Eighth Amendment because they:

     1)     Allowed for use of force by custody staff armed with OC pepper spray without regard to the impact of those weapons on inmates' psychiatric conditions;

     2)     Failed to require consideration of an inmate's ability to conform his or her conduct to the order or directive giving rise to the use of force;

     3)     Failed to consider the role of mental illness in an inmate's ability to comply with staff directives; and

     4)     Failed to require alternatives to use of force on seriously mentally ill inmates where there is no imminent threat to life and force is contraindicated by the inmate-patient's mental health.

**Authority:**

9th Cir. Manual of Model Civil Jury Instructions § 2.3 (2007 Ed., as revised 1/2017); *Coleman v. Brown*, 28 F. Supp. 3d 1068, 1078-88 (E.D. Cal. 2014); *Coleman v. Brown*, 938 F.Supp.2d 955, 980-82 & 988-89 (E.D. Cal. 2013); *Coleman v. Wilson*, 912 F.Supp. 1282, 1308-09, 1312-13, 1320-23 (E.D. Cal. 1995).

1

**PLAINTIFF'S JURY INSTRUCTION NO. 2**

2

**Expert Opinion**

3        You have heard testimony from Dr. Edward Kaufman and Mr. Eldon Vail who testified to

4    opinions and the reasons for their opinions. This opinion testimony is allowed, because of the

5    education or experience of this witness.

6        Such opinion testimony should be judged like any other testimony. You may accept it or reject

7    it, and give it as much weight as you think it deserves, considering the witness's education and

8    experience, the reasons given for the opinion, and all the other evidence in the case.

9

10

11   **Authority:**

12   9th Cir. Manual of Model Civil Jury Instructions § 2.13 (2007 Ed., as revised 1/2017).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PLAINTIFF'S JURY INSTRUCTION NO. 3**

2

**Charts and Summaries Not Received in Evidence**

3

Certain charts and summaries not admitted into evidence have been shown to you in order to

4

help explain the contents of books, records, documents, or other evidence in the case. Charts and

5

summaries are only as good as the underlying evidence that supports them. You should, therefore, give

6

them only such weight as you think the underlying evidence deserves.

7

8

9

**Authority:**

10

9th Cir. Manual of Model Civil Jury Instructions § 2.14 (2007 Ed., as revised 1/2017).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PLAINTIFF'S JURY INSTRUCTION NO. 4**

2

**Charts and Summaries Received in Evidence**

3

Certain charts and summaries have been admitted into evidence to illustrate information

4

brought out in the trial. Charts and summaries are only as good as the testimony or other admitted

5

evidence that supports them. You should, therefore, give them only such weight as you think the

6

underlying evidence deserves.

7

8

9

**Authority:**

10

9th Cir. Manual of Model Civil Jury Instructions § 2.15 (2007 Ed., as revised 1/2017).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S JURY INSTRUCTION NO. 5**

**Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

1
2
3
4
5
6
7
8

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

9
10
11

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

12
13
14

**Authority:**

15

9th Cir. Manual of Model Civil Jury Instructions § 3.2 (2007 Ed., as revised 1/2017).

16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF'S JURY INSTRUCTION NO. 6**

**General Damages**

General damages are available to Jermaine Padilla on his claims for violations of the Eighth Amendment of the United States Constitution.  Mr. Padilla may be awarded general damages for any or all of the following:

   1)  Pain and suffering; and/or

   2)  Emotional distress; and/or

   3)  Loss of human dignity.


**Authority:**

*Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1086-87 (9th Cir. 2009) (compensatory damages may be awarded for humiliation and emotional distress even where plaintiff did not submit evidence of economic loss or mental or physical symptoms) (citing *Johnson v. Hale*, 15 F.3d 1351, 1352 (9th Cir. 1994)); *Barnes v. Dist. of Columbia,* 278 F.R.D. 14, 20 (D.D.C. 2011) (general damages based on affront to human dignity were appropriate in class action strip search case); *In re Nassau County Strip Search Cases*, 742 F. Supp. 2d 304, 323 (E.D.N.Y. 2010) (same).

1

2

**PLAINTIFF'S JURY INSTRUCTION NO. 7**

**Presumed Damages**

3

4

5

6

7

      In this case Jermaine Padilla also seeks to recover what the law calls "presumed damages." Presumed damages may be awarded when Mr. Padilla seeks compensation for a harm that is likely to have occurred, but is difficult to measure. If you find that Mr. Padilla suffered a violation of his federally protected rights, and that he probably suffered damages, but under the circumstances the damages are very difficult to measure, he is entitled to an award of presumed damages.

8

9

10

11

12

      It will be for you, the jury, to determine the amount of presumed damages. The damages awarded should be reasonable and should roughly approximate the harm that Mr. Padilla suffered from the defendant's wrongful conduct.  You may not award Mr. Padilla damages simply for the inherent or abstract value of his right.  The purpose of presumed damages are to compensate Mr. Padilla for a harm that occurred, but may be impossible to measure precisely.

13

14

15

**Authority:**

16

17

18

*Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 310-311 (U.S. 1986) (citations omitted); *Parrish v. Johnson*, 800 F.2d 600, 606 (6th Cir. 1986); Schwartz & Pratt, Section 1983 Litigation: Jury Instructions, Instruction 18.02.1

19

20

21

22

23

24

25

26

27

28

1

**PLAINTIFF'S JURY INSTRUCTION NO. 8**

2

**Nominal Damages**

3
4
5
6
7

      The law that applies to this case authorizes an award of nominal damages in order to acknowledge the importance to organized society that the rights at issue be scrupulously observed.  If you find that a defendant violated Jermaine Padilla's constitutional rights but you find that Mr. Padilla has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

8
9
10

**Authority:**

11
12

9th Cir. Manual of Model Civil Jury Instructions § 5.6 (2007 Ed., as revised 1/2017); *Hazle v. Crofoot*, 727 F.3d 983, 992 (9th Cir. 2013); *Jacobs v. Clark Cnty. Sch. Dist.,* 526 F.3d 419, 426 (9th Cir. 2008).

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF'S JURY INSTRUCTION NO. 9**

**Section 1983 Claim—Introductory Instruction**

      Jermaine Padilla brings his Eighth Amendment claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**Authority:**

9th Cir. Manual of Model Civil Jury Instructions § 9.1 (2007 Ed., as revised 1/2017).

1

### PLAINTIFF'S JURY INSTRUCTION NO. 10

2

**Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof**

3

         In order to prevail on his § 1983 claim against a defendant, Jermaine Padilla must prove each

4

of the following elements by a preponderance of the evidence:

5

         1.       the defendant acted under color of state law; and

6

         2.       the acts and/or failure to act of the defendant deprived Mr. Padilla of his particular

7

                   rights under the laws of the United States and/or the United States Constitution as

8

                   explained in later instructions.

9

         A person acts "under color of state law" when the person acts or purports to act in the

10

performance of official duties under any state, county, or municipal law, ordinance or regulation. I

11

instruct you that the defendant acted under color of state law.

12

         If you find that Mr. Padilla has proved each of these elements, and if you find that he has

13

proved all the elements he is required to prove under Instruction[s] [*specify the instruction[s] that deal*

14

*with the particular right[s]*], your verdict should be for Mr. Padilla. If, on the other hand, you find that

15

Mr. Padilla has failed to prove any one or more of these elements, your verdict should be for the

16

defendant.

17

18

19

**Authority:**

20

9th Cir. Manual of Model Civil Jury Instructions § 9.3 (2007 Ed., as revised 1/2017).

21

22

23

24

25

26

27

28

**PLAINTIFF'S JURY INSTRUCTION NO. 11**

**Section 1983 Claim Against Supervisory Defendant in Individual Capacity—Elements and Burden Of Proof**

In order to prevail on his § 1983 claim against a supervisory defendant, including Stainer, Gipson, Johnson, Castro, Godina, and/or Drew, Jermaine Padilla must prove each of the following elements by a preponderance of the evidence:

1.  The supervisory defendant acted under color of state law;

2.  The acts and/or failure to act of the supervisory defendant's subordinates deprived Mr. Padilla of his particular rights under the laws of the United States and/or the United States Constitution as explained in later instructions;

3.  The supervisory defendant directed his or her subordinates in the acts or failure to act that deprived Mr. Padilla of these rights;

    *or*

    The supervisory defendant set in motion a series of acts by his or her subordinates, or knowingly refused to terminate a series of acts by his or her subordinates, that he or she knew or reasonably should have known would cause the subordinates to deprive Mr. Padilla of these rights;

    *or*

    (a) The supervisory defendant knew that his or her subordinates were engaging in these acts and knew or reasonably should have known that the subordinates's conduct would deprive Mr. Padilla of these rights; and

    (b) The supervisory defendant failed to act to prevent his or her subordinates from engaging in such conduct;

    *or*

    (a) The supervisory defendant disregarded the known or obvious consequence that a particular training deficiency or omission would cause his or her subordinates to violate Mr. Padilla's constitutional rights; and

(b) That deficiency or omission actually caused his or her subordinates to deprive Mr. Padilla of his constitutional rights;

*or*

The supervisory defendant engaged in conduct that showed a reckless or callous indifference to the deprivation by the subordinate of the rights of others;

*and*

4.      The supervisory defendant's conduct was so closely related to the deprivation of Mr. Padilla's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

I instruct you that the defendant acted under color of state law.

If you find Mr. Padilla has proved each of these elements, and if you find that Mr. Padilla has proved all the elements he is required to prove under Instructions [specify the instruction[s] that deal with the particular right[s]], your verdict should be for Mr. Padilla.

If, on the other hand, you find that Mr. Padilla has failed to prove any one or more of these elements, your verdict should be for the defendant.

**Authority:**

9th Cir. Manual of Model Civil Jury Instructions § 9.4 (2007 Ed., as revised 1/2017).

**PLAINTIFF'S JURY INSTRUCTION NO. 12**

**Particular Rights—Eighth Amendment—Convicted Prisoner's Claim of Excessive Force**

As previously explained, Jermaine Padilla has the burden of proving that the acts of each defendant deprived Mr. Padilla of particular rights under the United States Constitution. In this case, Mr. Padilla alleges the defendant deprived him of his rights under the Eighth Amendment to the Constitution when defendants Stainer, Gipson, Castro, Godina, Drew, Acevedo, Garcia, Martinez, Pruneda, and Wagner used force against Mr. Padilla or directed force to be used against Mr. Padilla, including but not limited to OC spray and physical force, to remove him from his cell on July 24, 2013 and hold him in five-point restraints for three days.

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." In order to prove the defendant deprived Mr. Padilla of this Eighth Amendment right, Mr. Padilla must prove the following elements by a preponderance of the evidence:

1. the defendant used excessive and unnecessary force under all of the circumstances;

2. the defendant acted maliciously and sadistically for the purpose of causing harm, and not in a good faith effort to maintain or restore discipline; and

3. the acts of the defendant caused harm to Mr. Padilla.

In determining whether these three elements have been met in this case, consider the following factors:

(1) the extent of the injury suffered;

(2) the need to use force;

(3) the relationship between the need to use force and the amount of force used;

(4) any threat reasonably perceived by the defendant; and

(5) any efforts made to temper the severity of a forceful response, such as, if feasible, providing a prior warning or giving an order to comply

In considering these factors, you should give deference to prison officials in the adoption and execution of policies and practices that in their judgment are needed to preserve discipline and to maintain internal security in a prison.

1

2  **Authority:**

3  9th Cir. Manual of Model Civil Jury Instructions § 9.26 (2007 Ed., as revised 1/2017).

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**PLAINTIFF'S JURY INSTRUCTION NO. 13**

**Particular Rights—Eighth Amendment— Convicted Prisoner's Claim re Medical Care**

As previously explained, Jermaine Padilla has the burden of proving that the acts and/or failure to act of a defendant deprived Mr. Padilla of particular rights under the United States Constitution. In this case, Mr. Padilla alleges the defendant deprived him of his rights under the Eighth Amendment to the Constitution when:

    (a) Defendants Wagner and LaClaire chose to leave him untreated in a mental health crisis bed for 24 days without referring him to inpatient hospitalization or initiate involuntary medication knowing that his mental health would further decompensate and he would be subjected to a cell extraction;

    (b) Defendant Wagner ordered a forced cell extraction of Mr. Padilla;

    (c) Defendants Wagner and LaClaire chose not to refer Mr. Padilla to inpatient hospitalization after the July 24, 2012 cell extraction while keeping him in a mental health crisis bed for an additional 20 days;

    (d) Defendants Stainer and Gipson chose to implement and/or fail to correct unconstitutional use of force policies, procedures, and practices that did not require consideration of inmate's psychiatric condition or an inmate's ability to conform his or her conduct to staff directives, and did not require alternatives to use of force on seriously mentally ill inmates where there is no imminent threat to life and force is contraindicated by the inmate-patient's mental health;

    (e) Defendants Stainer and Gipson refused to ensure that custody officers were trained to identify signs and symptoms of mental illness and/or mental health crisis;

    (f) Defendants Castro, Godina, Drew, Acevedo, Martinez, Garcia, and Holguin used force or directed use of force against Mr. Padilla without regard to his psychiatric condition or his ability to confirm his conduct to staff directives, and refused to ensure that he was properly decontaminated from the OC spray;

27

28

---

(g) Defendant Kaiser ignored Mr. Padilla's medical condition and failed to ensure that he was properly decontaminated from OC spray when medically "clearing" him after the extraction;

(h) Defendants Robicheaux and Johnson disciplined Mr. Padilla for behavior resulting from mental illness.

Under the Eighth Amendment a prisoner has the right to be free from "cruel and unusual punishments." This includes the right to necessary medical treatment and the right to be free from punitive measures that disregard a prisoner's psychiatric condition. In order to prove the defendant deprived Mr. Padilla of this right, Mr. Padilla must prove the following additional elements by a preponderance of the evidence:

1.    Mr. Padilla faced a serious medical need;

2.    the defendant was deliberately indifferent to that medical need, that is, the defendant knew of it and disregarded it by failing to take reasonable measures to address it; and

3.    the acts and/or failure to act of the defendant caused harm to Mr. Padilla.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.

The parties have stipulated that Mr. Padilla's psychiatric condition was a serious medical need.

**Authority:**

9th Cir. Manual of Model Civil Jury Instructions § 9.27 (2007 Ed., as revised 1/2017).

### PLAINTIFF'S JURY INSTRUCTION NO. 14

**Deliberate Indifference to a Serious Mental Health Need**

Under the Eighth Amendment, deliberate indifference to a serious medical need includes deliberate indifference to a serious mental health need.  Deliberate indifference to a serious mental health need may include:

1.   The failure to provide necessary mental health treatment; *or*

2.   The failure to provide ready access to inpatient hospitalization when necessary; *or*

3.   The failure to provide involuntary medication when necessary for treatment of gravely mentally ill inmates; *or*

4.   Denial, delay, or intentional interference with mental health treatment; *or*

5.   The use of force or discipline on mentally ill inmates without regard to (a) whether their behavior was caused by mental illness, and (b) impact of those measures on their psychiatric condition.

Mr. Padilla may show a violation of the Eighth Amendment by showing the defendant prison officials or medical providers purposefully engaged in any of the above actions or failures to act in response to a prisoner's mental health need, and that this caused harm to Mr. Padilla

**Authority:**

*Brown v. Plata*, 563 U.S. 493, 506-07 (2011); *Jett v. Penner*, 439 F.3d 1091, 196 (9th Cir. 2006; *Hutchinson v. United States,* 838 F.3d 390, 394 (9th Cir. 1988); *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1292), abrogated in part on other grounds by *Sandin v. Conner*, 5015 U.S. 472, 481-84 (1995); *Coleman v. Brown*, 28 F. Supp. 3d 1068, 1078-79 & 1087-88 (E.D. Cal. 2014); *Coleman v. Brown*, 938 F.Supp.2d 955, 969 & 981 (E.D. Cal. 2013); *Coleman v. Wilson*, 912 F.Supp. 1282, 1308-09, 1312-13, 1320-23 (E.D. Cal. 1995).

**PLAINTIFF'S JURY INSTRUCTION NO. 15**

**Standards for Provision of Mental Health Treatment in State Prison**

Within California State prisons, the "Revised Program Guide" contains the policies, procedures, and timeframes governing the provision of mental health treatment. These policies, procedures, and timeframes set forth the requirements for providing adequate mental health treatment consistent with the U.S. Constitution.

**Authority:**

*Coleman v. Brown*, 938 F.Supp.2d 972 & n.30 (E.D. Cal. 2013).

**PLAINTIFF'S JURY INSTRUCTION NO. 16**

**Particular Rights—Eighth Amendment—Convicted Prisoner's Claim of Failure to Protect**

As previously explained, Jermaine Padilla has the burden of proving that the acts and/or failure to act of a defendant deprived him of particular rights under the United States Constitution. In this case, Mr. Padilla alleges the defendant deprived him of his rights under the Eighth Amendment to the Constitution when:

(a) Defendants Wagner and LaClaire chose to leave him untreated in a mental health crisis bed for 24 days knowing that his mental health would further decompensate and he would be subjected to a cell extraction;

(b) Defendant Wagner ordered a forced cell extraction of Mr. Padilla;

(c) Defendants Stainer and Gipson chose to implement and/or fail to correct unconstitutional use of force policies, procedures, and practices that did not require consideration of inmate's psychiatric condition or an inmate's ability to conform his or her conduct to staff directives, and did not require alternatives to use of force on seriously mentally ill inmates where there is no imminent threat to life and force is contraindicated by the inmate-patient's mental health;

(d) Defendants Stainer and Gipson refused to ensure that custody officers were trained to identify signs and symptoms of mental illness and/or mental health crisis;

(e) Defendants Castro, Godina, Drew, Acevedo, Martinez, Garcia, Pruneda, and Holguin directed, participated, or failed to intervene in the use of force against Mr. Padilla without regard to his psychiatric condition or his ability to confirm his conduct to staff directives, and refused to ensure that he was properly decontaminated from the OC spray;

(f) Defendant Kaiser ignored Mr. Padilla's medical condition and failed to ensure that he was properly decontaminated from OC spray when medically "clearing" him after the extraction;

(g) Defendants Robicheaux and Johnson disciplined Mr. Padilla for behavior resulting from mental illness.

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." In order to prove the defendant deprived Mr. Padilla of this Eighth Amendment right, Mr. Padilla must prove the following elements by a preponderance of the evidence:

1.  The defendant made an intentional decision with respect to the conditions under which Mr. Padilla was confined;

2.  Those conditions put Mr. Padilla at substantial risk of suffering serious harm;

3.  The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

4.  By not taking such measures, the defendant caused Mr. Padilla's injuries.

With respect to the third element, the defendant's conduct must be objectively unreasonable.

In considering these elements, you should give deference to prison officials in the adoption and execution of policies and practices that in their judgment are needed to preserve discipline and to maintain internal security in a prison.

**Authority:**

9th Cir. Manual of Model Civil Jury Instructions § 9.28 (2007 Ed., as revised 1/2017).

1

**PLAINTIFF'S JURY INSTRUCTION NO. 17**

2

**ADA—Physical or Mental Impairment**

3          The first element of the Americans with Disabilities Act ("ADA") claim that Jermaine Padilla

4    must prove that he has a recognized disability under the ADA. A "disability" under the ADA is a

5    physical or mental impairment that substantially limits one or more of the major life activities of such

6    individual.

7          The parties have stipulated that Mr. Padilla has a mental illness that qualifies as a disability

8    under the ADA.

9

10

11   **Authority:**

12   9th Cir. Manual of Model Civil Jury Instructions § 12.2 (2007 Ed., as revised 1/2017).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PLAINTIFF'S JURY INSTRUCTION NO. 18**

2

**ADA—Discrimination**

3

      To prevail on a claim of disability discrimination under the ADA, Jermaine Padilla must show

4

that the defendant denied him benefits, services, programs, or other activities, or otherwise

5

discriminated against him by reason of his disability.  Activities, services, and programs in a prisons

6

are considered "benefits" under the ADA.  Discrimination prohibited by the ADA includes the failure

7

to make reasonable accommodations for the known physical and mental limitations of disabled

8

individuals, including prisoners, unless making such accommodation would impose an undue

9

hardship.  Discrimination under the ADA does not require animus or ill will.

10

11

12

**Authority:**

13

Title II of the ADA; *Penn. Dep't. of Corr. v. Yeskey*, 524 U.S. 206 (1998).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PLAINTIFF'S JURY INSTRUCTION NO. 19**

2

**Absence of Plaintiff**

3

      Jermaine Padilla will not be attending trial or testifying on his own behalf because of the

4

condition of his mental health. He has been appointed a Guardian ad Litem who will appear instead.

5

The fact that he will not testify should not be considered by you for or against him.  In his place, Mr.

6

Padilla's Guardian ad Litem will testify.  She may testify only as to things personally observed by her.

7

The fact that she is not able to testify as to events that occurred in the prison should not be considered

8

by you for or against Mr. Padilla.

9

10

11

**Authority:**

12

Order Granting Plaintiff's *Ex Parte* Application for Appointment of Guardian Ad Litem (Dkt. 186)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28