XAVIER BECERRA, State Bar No. 118517
Attorney General of California
CHRISTOPHER J. BECKER, State Bar No. 230529
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 445-4928
  Facsimile:  (916) 324-5205
  E-mail:  Diana.Esquivel@doj.ca.gov
*Attorneys for Defendants Acevedo, Castro, Drew, Garcia, Gipson, Godina, Holguin, Johnson, Kaiser, LaClaire, Martinez, Pruneda, Robicheaux, Stainer, and Wagner*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **JERMAINE PADILLA,**<br><br>                      Plaintiff,<br><br>v.<br><br>**JEFFREY BEARD, et al.,**<br><br>                      Defendants. | No. 2:14-cv-1118 KJM-CKD<br><br>**DEFENDANTS' PROPOSED VOIR DIRE**<br><br>Date:          April 7, 2017<br>Time:         10:00 a.m.<br>Courtroom:  3 (15th Floor)<br>Judge:       Hon. Kimberly J. Mueller<br>Trial Date:   April 17, 2017<br>Action Filed:  May 6, 2014 |

Defendants submit the following proposed voir dire questions for use during jury selection.

Dated:  April 7, 2017
                                        Respectfully submitted,

                                        XAVIER BECERRA
                                        Attorney General of California
                                        CHRISTOPHER J. BECKER
                                        Supervising Deputy Attorney General

                                        ***/s/ Diana Esquivel***

                                        DIANA ESQUIVEL
SA2014313303                           Deputy Attorney General
32822480.doc                            *Attorneys for Defendants*

1

1. Will Plaintiff's counsel introduce themselves and their client to the panel of prospective jurors?

2. Will defense counsel introduce themselves and their clients?

3. Does anyone know:

    a. The Plaintiff?

    b. The Defendants?

    c. The attorneys?

4. Have you at this time or in the past had any business or other dealings with any of the parties or the attorneys?

5. Do you have any beliefs or feelings toward any of the parties or the attorneys that might be regarded as a bias or prejudice for or against any of them?

6. Do you have any interest, financial or otherwise, in the outcome of this case?

7. This case may take two weeks to try. Will any of you find it difficult or impossible to participate for this period of time?

8. The Plaintiff Jermaine Padilla, who is being represented by his Guardian Ad Litem, was a prisoner in the custody of the California Department of Corrections and Rehabilitation. Under the law, he has equal standing as any other person who comes before the Court. Will the fact that Plaintiff was a prisoner, when the events giving rise to this lawsuit occurred, affect your ability to fairly and impartially hear the evidence and render a decision in this case based solely on the evidence presented?

9. This is an action for damages brought under the Federal Civil Rights Act and the Americans with Disabilities Act, also known as the "ADA." Plaintiff is seeking money damages from the Defendants based on Plaintiff's claims that the Defendants violated his rights under the Eighth Amendment of the United States Constitution and under the ADA. With this information in mind:

    a. Do you have any belief that the Plaintiff should not be permitted to bring his claims?

   b. Do you have any belief that the Defendants should not be permitted to defend themselves against the Plaintiff's claims?

 10. Do any of you believe that prisoners should not be able to file lawsuits or receive money damages?

 11. Would you be less inclined to believe the testimony of a person who has been convicted of a crime than the testimony of a person who has not been?

   a. If yes, please explain.

 12. Would you be more inclined to believe the testimony of a person who has been convicted of a crime than the testimony of a person who was not been?

   a. If yes, please explain.

 13. Would you be more inclined to believe the testimony of a correctional officer or other prison official than the testimony of a person who was not a prison official or officer?

   a. If yes, please explain.

 14. Would you be less inclined to believe the testimony of a correctional officer or other prison official than the testimony of a person who was not a prison official or officer?

   a. If yes, please explain.

 15. Do you believe that our society has too many lawsuits?

 16. Do you believe that too many people file frivolous or inappropriate lawsuits?

 17. Do you have any knowledge of the facts or events in this case before coming to the courtroom today? If so, what is the source of that information?

 18. The majority of the events in this lawsuit occurred at the California State Prison-Corcoran in Corcoran, California.

   a. Are you familiar with that prison?

   b. Have you ever visited, toured, or been inside the prison?

   c. Do you know anyone who works or has worked at the prison?

   d. Have you formed an opinion about the prison? If so, what is your opinion?

   e. How would your knowledge or opinion of that prison affect your ability to be a fair and impartial juror on this case or your ability to deliberate in this case if you are selected?

19. Has anyone served as a juror or as a member of a grand jury in either federal or state court? If so:

    a. Was it a civil or criminal matter?

    b. Was it a federal or state court?

    c. Generally, what type of case was it?

    d. Without stating the result reached, did the jury reach a verdict?

    e. Would your prior jury experience affect your ability to be a fair and impartial juror on this case or your ability to deliberate in this case if you are selected?

20. If you served as a juror in a criminal trial, you may have been instructed that the burden of proof was "beyond a reasonable doubt." The Court will instruct you that the burden of proof in this civil case is "by a preponderance of the evidence." This is a different standard for the burden of proof. Please raise your hand if you believe you will have any difficulty applying this standard.

21. Have you, a relative, or friend ever been involved in civil or criminal litigation as a party or a witness? If so:

    a. In what county or state was the lawsuit?

    b. How long ago was the lawsuit?

    c. What was the general nature of the lawsuit?

    d. Was the lawsuit resolved by settlement? Or did it go to trial?

    e. Were you satisfied with the resolution of the lawsuit?

    f. How would that experience affect your ability to be a fair and impartial juror on this case or your ability to deliberate in this case if you are selected?

22. Have you ever considered working in law enforcement, but did not or have not done so? By "law enforcement," I mean police departments, sheriff's departments, highway patrol, state troopers, corrections departments, and parole or probation organizations.

    a. For what agency?

    b. In what position/role?

    c. When?

        d. Why did you choose not to?

23. Do you or anyone you know work in or with law enforcement? If so:

        a. Specify your or that other person's position and the law enforcement agency.

        b. Would your experience or anything the person told you about his or her experiences affect your ability to fairly and impartially listen to the evidence and render a decision based solely on the evidence represented?

24. Have you, a relative, or a close friend had any adverse experiences with, or felt you, your relative, or friend were treated unfairly by law enforcement officers or prison officials? If so:

        a. What were those experiences?

        b. When did those experiences occur?

        c. How would those experiences affect your ability to serve on this jury and deliberate on this case?

25. Have you ever had training, courses, or work experience in the use of pepper spray?

        a. If so, what courses, training, or work have you had?

        b. When?

26. Have you, a family member or relative, or a close friend ever been or believe to have been injured, harmed, or mistreated by a medical provider? If so:

        a. How long ago did that incident occur?

        b. Generally, what was that experience?

        c. How would that experience affect your ability to be on this jury and deliberate on this case?

27. Have you, a family member or relative, or a close friend ever been or believe to have been injured, harmed, or mistreated by a mental-health care worker or professional? If so:

        a. How long ago did that incident occur?

        b. Generally, what was that experience?

        c. How would that experience affect your ability to be on this jury and deliberate on this case?

28. Have you, any member of your family, or any close friends ever been arrested?

    a. When?

    b. For what?

    c. Were you charged with a crime?

29. Have you, your relative, or friend ever been incarcerated in California or elsewhere? If so:

    a. When?

    b. What facilities?

    c. For what offense?

    d. Would your experience or anything the person told you about his or her experiences of being incarcerated affect your ability to fairly and impartially listen to the evidence and render a decision based solely on the evidence represented?

30. Have you, any member of your family, or any close friends ever been pepper sprayed?

    a. When?

    b. Who pepper sprayed you / your family member / your friend?

31. Are you presently or have you ever been associated with any group or organization that has gone into a prison facility or had personal or written contact with an inmate? If so:

    a. Please explain your experiences.

    b. How would these experiences affect your ability to be on this jury and deliberate on this case?

32. Are you presently or have you ever been associated with any group or organization that is connected with the operation of jails or prisons, the treatment or prisoners, or the reform of prisons or jails in California or elsewhere? If so:

    a. Please explain your experiences.

    b. How would these experiences affect your ability to be on this jury and deliberate on this case?

33. Are you presently or have you ever been associated with any group or organization that seeks or has sought to reform the mental-health system in California or elsewhere? If so:

      a. How long ago did that incident occur?

      b. Generally, what was that experience?

      c. How would that experience affect your ability to be on this jury and deliberate on this case?

34. Have you read or watched any media, including, for example, books, articles, internet blogs, postings, or videos, television shows, films, or documentaries, about the California state prison system, the health care in the prison system, or the treatment of prisoners in California  If so:

      a. Have you formed any opinions about the California state prison system or treatment of prisoners as a result of these books or articles?

      b. How would these opinions affect your ability to be on this jury and deliberate on this case?

35. If you are selected as a juror, you may not read or watch this type of media while the trial is pending.  Will any of you have a problem following my instruction not to read or watch this media?

36. Do you have any special knowledge or experience in the medical or mental-health field?  If so:

      a. What knowledge or experience do you have?

      b. You will hear testimony about the injuries the Plaintiff sustained.  How will your medical knowledge or experience affect your ability to be on this jury and deliberate on this case?

      c. Could you set this knowledge or experience aside and make your decision based only on the evidence presented at the trial?

37. Do you have any legal training?  This question is not limited to attending law school, but may include some type of vocational training, such as to become a paralegal or legal secretary or preparing for a career in law enforcement.  If you have such training:

      a. What type of legal training do you have?

      b. When did you take this legal training?

c. How would this training or legal knowledge that you have affect your ability to be on this jury and deliberate on this case?

d. Could you set this training and legal knowledge aside and make your decision based only on the evidence presented at the trial?

38. Plaintiff will present his side of the case first. Only after the Plaintiff has presented his side of the case will the Defendants have an opportunity to present their side of the case. Please raise your hand if you cannot agree to keep an open mind and make no decision about the evidence or case until after all the evidence has been presented by both sides and I have instructed you regarding the law in this case.

39. Each of you will have to decide who is telling the truth. Please raise your hand if you are unwilling or uncomfortable judging a witness' credibility and making this kind of decision.

40. At the close of this case, the Court will instruct you on the law. It is important that you give use your assurance that you will, without reservation, follow the Court's instructions and rulings on the law. To put it another way, whether you approve or disapprove of, or agree or disagree with, the Court's rulings or instructions, it is your solemn duty to accept as correct the statements of the law as given to you by the Court. You may not substitute your own idea of what you think the law ought to be or should be. Please raise your hand if you will not be able to follow the law as given to you in this case.

41. Do any of you know of any reason, or has anything occurred to you during this period of questioning, that causes you to doubt that you could be a completely fair and impartial juror in this case? If there is, it is your duty to disclose the reason at this time by raising your hand so you can be recognized.

42. Please provided the Court with the following information:
    a. Name;
    b. Age;
    c. Where were you live;
    d. Marital status;
    e. Number and ages of your children;

  f.  Educational background;

  g.  Any professional licenses you hold;

  h.  Any military service, and your rank at discharge;

  i.  Your present occupation and employer;

  j.  Present occupation, and any military service, of your spouse or companion;

  k.  Name of the present employer of your spouse or companion; and

  l.  Occupations and any military service of your children.