UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE PADILLA, | No. 2:14-cv-01118-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| JEFFREY BEARD, et al., | |
| Defendants. | |

This matter is before the court on the motion by plaintiff's counsel for plaintiff's guardian ad litem to testify as a substitute witness in the upcoming trial. Mot. to Substitute Witness, ECF No. 161 (Mot.). Defendants oppose the motion, Opp'n, ECF No. 176, and plaintiff has replied, Reply, ECF No. 182. The court heard argument on the motion on April 7, 2017. ECF No. 248. Having considered the parties' argument and relevant authority, and for reasons explained below, plaintiff's motion is GRANTED IN PART. This order of explanation confirms and explains the minute order issued recently. *See* ECF No. 253.

I. BACKGROUND

A. The Parties' Positions

Plaintiff seeks to have his guardian ad litem, Cynthia Gonzalez, testify at trial regarding her role as guardian ad litem, her relationship with plaintiff, and her knowledge of the effects on plaintiff of the incidents underlying this litigation. Mot. at 3. Plaintiff bases his motion

on Federal Rules of Civil Procedure 26(a)(3) and 37(c)(1), Mot. at 2, and clarifies in reply that he is seeking to have a "late-disclosed" witness testify at trial. Reply at 2. While he styles his motion as one to substitute a witness, he argues the motion should be granted if construed as a motion to identify a new witness. Mot. at 7; Reply at 3. That said, the authority plaintiff cites addresses primarily requests for substitution of expert witnesses. *See, e.g., McDowell v. Evey*, No. 95–846, 2000 WL 1371400, *2 (D. Or. 2000). Neither party has identified any authority addressing the proposition that one percipient witness may be "substituted" for another. Given the nature of the motion and the proposed subject matter of Ms. Gonzalez's testimony, the court construes the motion as seeking to designate Ms. Gonzalez as a new witness, following the close of fact discovery.

Defendants oppose the motion on grounds that plaintiff's failure to identify Ms. Gonzalez sooner violates Federal Rule of Civil Procedure 26(a)(1); they also argue the late disclosure now is not substantially justified and is not harmless within the meaning of Federal Rule of Civil Procedure 37(c)(1), given the prejudice defendants say they will suffer if she is allowed to testify. *See* Opp'n *generally*. Defendants also argue that Ms. Gonzalez's testimony is barred by virtue of the magistrate judge's order barring plaintiff's testimony, *id*. at 2, but the court does not reach that argument given its construction of plaintiff's motion as seeking to identify a new witness.

B. Procedural History of Case Scheduling

The court issued an amended pretrial scheduling order on December 3, 2015, extending the fact discovery cutoff to January 22, 2016, after which date the court provided "[n]o new discovery shall be permitted." Am. Status (Pretrial Scheduling) Order at 3, ECF 78. On January 13, 2016, the magistrate judge extended the fact discovery cutoff to September 30, 2016, "solely for the purposes of completing three further hours of plaintiff's deposition." Order, ECF 98 at 2:16-17. Although this court's scheduling order did not authorize the magistrate judge to modify the cutoff date at the time she issued her order, no party objected to the magistrate judge's order. The court treats the September 30, 2016 as the last date by which any fact discovery, however limited, was allowed subject to the scheduling order. The magistrate judge also ordered

that if plaintiff did not submit to further deposition by the September 30 date, he would be barred from testifying at trial. *Id.* at 2. It is undisputed that plaintiff will not testify at trial and so the court does not consider whether the magistrate judge's order barring his testimony is binding on this court.

The September 30, 2016 cutoff passed without plaintiff's having submitted to further deposition. Because plaintiff's mental health had deteriorated, as reflected in part by his not completing his deposition, plaintiff's counsel took steps to identify a guardian ad litem, which led her to Ms. Gonzalez. Decl. of Lori Rifkin in Supp. Pl.'s Ex Parte App. App't Guardian ad Litem ¶ 17, ECF 153-1 (Rifkin Decl. I); Decl. of Lori Rifkin in Supp. Mot. to Amend Scheduling Order[1] ¶¶ 3-4, ECF 161-1 (Rifkin Decl. II). Ms. Gonzalez is an attorney who is plaintiff's cousin, with a relationship to him more like that of an aunt. Decl. of Cynthia Gonzalez in Supp. Pl.'s App. App't Guardian ad Litem ¶ 4, ECF 153-2 (Gonzalez Decl.). Plaintiff's counsel avers, as she repeated at hearing, that she learned of the additional information Ms. Gonzalez possesses regarding plaintiff only after she contacted her to discuss serving as guardian ad litem. Rifkin Decl. II ¶ 4. Plaintiff's counsel filed a motion to have Ms. Gonzalez appointed guardian ad litem on November 18, 2016. *See* ECF 153. On November 22, 2016, she notified defense counsel of her intent to file the instant motion. Rifkin Decl. II ¶ 6. At the time, trial was scheduled for January 9, 2017, although the date had not been confirmed. Am. Status (Pretrial Scheduling) Order at 9. On December 5, 2016, the court vacated the trial date and reset the final pretrial conference for January 27, 2017, to allow further time to resolve a pending summary judgment motion. *See* ECF 157. Also on December 5, 2016, plaintiff's counsel offered in an e-mail sent to defendants' counsel to cover the costs of a deposition of Ms. Gonzalez should defense counsel wish to take her deposition. Response to Pl.'s App. App't Guardian ad Litem, Ex. A, ECF 159. Plaintiff's counsel filed the instant motion on December 30, 2016. *See* ECF 161.

Trial currently is confirmed to start on April 17, 2017. ECF No. 250.

---

[1] The court assumes the caption of the declaration, filed in connection with the motion to substitute witness, is a misnomer.

3

## II. LEGAL STANDARDS

### A. Guardian ad Litem as Percipient Witness

As a threshold matter, the court notes there is no general bar against a guardian ad litem (GAL) serving as a percipient witness in a proceeding, as long as the guardian does not have "difficulty" retaining a true dedication to the best interests of the incompetent party. *See Lew Wah Fook v. Brownell*, 218 F.2d 924, 925 (9th Cir. 1955) (assuming without deciding GAL could serve as percipient witness); *I.P. v. United States*, 2015 U.S. Dist. LEXIS 147100, at *2–3 (E.D. Cal. Oct. 28, 2015) (plaintiff's father served both as GAL and percipient witness). Given that the guardian here has no evident conflict of interest, and that no impediment has been identified to her maintaining her primary dedication to plaintiff's best interests if she also testifies as a percipient witness, the court turns its focus to the issues presented by her late disclosure.

### B. Rule 26(a)(3)

Federal Rule of Civil Procedure 26(a)(3) provides for a party to make pretrial disclosures, other than required initial disclosures and expert disclosures, of "information about the evidence that it may present at trial other than solely for impeachment." Fed. R. Civ. P. 26(a)(3)(A). "Unless the court orders otherwise, these disclosures must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B). Here, as noted above, the court ordered most fact discovery to be completed by January 22, 2016, with discovery kept open thereafter until September 30, 2016 for the limited purpose of allowing for completion of plaintiff's deposition.

### C. Rule 37(c)

Federal Rule of Civil Procedure 37(c) provides a narrow exception to the deadlines contemplated by Rule 26(a): "If a party fails to provide information or identify a witness as required by Rule 26(a) [ ], the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). This provision is "intended to put teeth into the mandatory . . . disclosure requirements" of Rule 26. 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2289.1 (3d ed. 2014); *Ollier v. Sweetwater Union High Sch. Dist.*, 768

4

F.3d 843, 861 (9th Cir. 2014). The Ninth Circuit has characterized Rule 37(c)(1) as "self-executing," and an "automatic" sanction designed to provide a strong inducement for disclosure. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). The burden is on the party facing exclusion to prove the delay was justified or harmless. *Yeti by Molly, Ltd.*, 259 F.3d at 1107.

Courts have found substantial justification for a party's late disclosure of a witness "if the original witness's unavailability is beyond the party's control," *see Lopez v. I-Flow Inc.*, No. 08–1064, 2011 U.S. Dist. LEXIS 155826, at *6 (D. Ariz. May 12, 2011), and the disclosure is made promptly upon learning of the unavailability, *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 846 (9th Cir. 2004). *See also McDowell*, No. 95–846, 2000 WL 1371400, at *2–3 (late disclosed expert witness allowed where defendants showed original witness unable to testify due to retirement and health problems; trial starting in three months); *TIC - The Indus. Co. Wyoming, Inc. v. Factory Mutual Ins. Co.,* No. 10–3153, 2012 WL 2830867, at *8 (D. Neb. July 10, 2012) (allowing late disclosed witness where original witness unavailable due to ethical conflict beyond plaintiff's control; trial two months away); *Park v. CAS Enters., Inc.*, No. 08–385, 2009 WL 4057888, at *3 (S.D. Cal. Nov. 19, 2009) (allowing late disclosed witness where original witness unilaterally withdrew due to severe memory issues; trial four months away). Courts have applied these principles generally, although articulated primarily in cases addressing the late substitution of expert witnesses, to late disclosure of percipient witnesses. *See, e.g., Ollier*, 768 F.3d at 863 (citing *Yeti by Molly,* 259 F.3d at 1106).

A delay may qualify as harmless as provided by Rule 37(c)(1) if it does not deprive the opposing party of the opportunity for discovery of what a witness or witnesses may say during trial testimony, or further discovery based on information that comes to light during witness depositions. The more witnesses late disclosed, the greater the chance of harm. *Cf. Ollier*, 768 F.3d 843 at 863 (late disclosure of thirty witnesses not harmless because it created need for depositions and significant additional trial preparation); *Hill v. U.S. Dep't of Homeland Sec.*, 570 F. App'x 667, 669–70 (9th Cir. 2014) (late disclosure of thirty-five witnesses not harmless because opposing party deprived of opportunity to conduct discovery to determine which witnesses had

5

useful information and to take depositions; but late disclosure of document harmless because government had already obtained it by subpoena).  The harmlessness analysis also considers whether the court's scheduling order would need to be amended to accommodate the late disclosure.  *See Hoffman v. Constr. Protective Servs.*, Inc., 541 F.3d 1175, 1180 (9th Cir. 2008) ("Later disclosure of damages would have most likely required the court to create a new briefing schedule and perhaps re-open discovery, rather than simply set a trial date. Such modifications to the court's and the parties' schedules supports a finding that the failure to disclose was not harmless."); *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("[d]isruption to the schedule of the court" that would result from allowing such witnesses and consequent depositions "is not harmless.").

Rule 37(c)(1) also provides that "[i]n addition to or instead of [the] sanction [of exclusion], the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders [available when a discovery order has been violated] listed in Rule 37(b)(2)(A)(i)—(vi).

Fed. R. Civ. P. 37(c)(1).

III. DISCUSSION

While plaintiff argues that the "30 days before trial" cutoff in Rule 26(a)(3) effectively provides a last ditch date for disclosure, such a reading of the rule ignores the Rule's recognition of the court's ability to "order otherwise."  Here, the court's particularized scheduling orders govern, meaning the only avenue of relief available to plaintiff runs through Rule 37(c)'s exceptions.  The court thus considers whether plaintiff's late disclosure of Ms. Gonzalez was substantially justified or harmless or both.

Regarding substantial justification, the record before the court supports a conclusion that Mr. Padilla's unavailability is beyond counsel's control.  While there were indications during efforts to complete his deposition in early 2016 that Mr. Padilla might not be up to that task, plaintiff's counsel appeared to believe his ability to sit for deposition could be

1 restored such that completion would be possible by the September 30, 2016 date set by the
2 magistrate judge. *See* Rifkin Decl. I ¶¶ 3, 9–12. Recognizing at some point that Mr. Padilla
3 would not be able to participate in trial, counsel identified Ms. Gonzalez as a guardian ad litem.
4 Rifkin Decl. II ¶ 3. In the course of discussing with Ms. Gonzalez her ability to serve in this role,
5 counsel avers she learned Ms. Gonzalez possessed information regarding Mr. Padilla's mental
6 health condition and the events underlying the litigation. *Id.* ¶ 4. In any event, within
7 approximately six weeks after September 30, 2016, plaintiff's counsel moved the court to appoint
8 Ms. Gonzalez as plaintiff's guardian, and within days notified opposing counsel that plaintiff's
9 counsel would seek to have Ms. Gonzalez testify as a percipient witness. ECF 153; Rifkin Decl.
10 II ¶ 6. Thus, at this point, the defense has been aware of Ms. Gonzalez and plaintiff's position for
11 approximately four and one-half months. While the late disclosure came originally at a time
12 when the trial date was approximately one month away, that date was later continued such that
13 defendants have had notice of plaintiff's request to call Ms. Gonzalez as a percipient witness for
14 more than four times that amount of time. Defendants argue that Padilla's allegations in his
15 second amended complaint filed on February 5, 2015, that defendants' conduct stifled his ability
16 to sustain a meaningful relationship with his family, SAC ¶¶ 134–138, ECF No. 38, gave rise to a
17 requirement, in essence, that plaintiff have disclosed Gonzalez previously. On this point, the
18 court at this stage is not persuaded. Plaintiff himself could have testified on the subject of his
19 family relations, if he were available, and defendants could have probed the question during
20 discovery in light of the allegations. On the current record, the court concludes plaintiff's late
21 disclosure was substantially justified by Mr. Padilla's unavailability, confirmed as of September
22 30, and in light of the relatively prompt notification of the defense thereafter.

The court also concludes the late disclosure was harmless. The disclosure involves
24 a single witness, with plaintiff's having provided a focused description of the information Ms.
25 Gonzalez possesses. Since the time she first notified the defense of Ms. Gonzalez on November
26 22, 2016, plaintiff's counsel has offered to cover the costs of deposition. The court will in fact
27 order that all such costs be paid by plaintiff's counsel. While defendants argue the timing of Ms.
28 Gonzalez's disclosure has prevented them from identifying other family members who may

dispute her views, including through further discovery, this argument is speculative without further development. Again, on the current record, the late disclosure was harmless.

Finally the court is mindful of the possibility that precluding Ms. Gonzalez's testimony might have the effect of "summarily resolv[ing] the case in favor of defendants," if she is the only witness identified who can testify regarding plaintiff's damages. *See TIC - The Indus. Co. Wyoming*, 2012 WL 2830867, at *8. In this light, the interests of justice weigh in favor of granting the motion.

In sum, the court finds Ms. Gonzalez may testify as a percipient witness at trial regarding her relationship with plaintiff, and her knowledge of the effects on plaintiff of the incidents underlying this litigation. The court will not allow her to provide any testimony of substance regarding her role as guardian ad litem; to the extent the jury needs to be provided information about her role as guardian ad litem, the court can provide that information in clarifying instructions after consultation with the parties.

The court orders no sanctions at this point other than the payment by plaintiff's counsel of all costs associated with the deposition of Ms. Gonzalez.

IV. <u>CONCLUSION</u>

For the foregoing reasons, the court confirms that it CONDITIONALLY GRANTS IN PART plaintiff's motion to substitute witness, ECF 161, construed as a motion for late disclosure of guardian ad litem Cynthia Gonzalez as a percipient witness. The motion is granted to the extent Ms. Gonzalez may testify at trial regarding her relationship with plaintiff and any knowledge she has of the effects on plaintiff of the incidents underlying this litigation; she will not be allowed to provide substantive testimony regarding her role as guardian ad litem. The motion is granted to this extent on two conditions: (1) that plaintiff make Ms. Gonzalez available for deposition as reasonably requested by defendants with all attendant costs to be bore by plaintiff's counsel, and any such deposition to be completed at least two court business days before plaintiff seeks to call Ms. Gonzalez as a witness during trial; and (2) that upon completion of Ms. Gonzalez's deposition, defendants may renew their opposition to her serving as a

percipient witness if in defendants' view the testimony provided during deposition supports such renewal.

IT IS SO ORDERED.

DATED: April 12, 2017.

_____
UNITED STATES DISTRICT JUDGE