UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE PADILLA,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY BEARD, et al.,<br><br>    Defendants. | No. 2:14-cv-01118-KJM-CKD<br><br><br><br>ORDER |

Plaintiff Padilla's motion to seal the entire declaration of Cynthia Gonzalez, in connection with Padilla's motion to approve settlement and establish a special needs trust, is pending before the court. ECF No. 291; ECF No. 290. The court DENIES the request to seal, as explained below.

I.    LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). While "the right to inspect and copy judicial records is not absolute," access in civil cases is properly denied for clearly justifiable reasons: to protect against

"'gratif[ication of] private spite or promot[ion of] public scandal,'" or to preclude court dockets from becoming "reservoirs of libelous statements," or "sources of business information that might harm a litigant's competitive standing." *Id.* at 598. As the Ninth Circuit instructs, a "strong presumption in favor of access" to the record governs in a court of law unless the case or a part of it qualifies for one of the relatively few exceptions that have been "traditionally kept secret," with secrecy allowed for good reasons. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134–35 (9th Cir. 2003). "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1136). The compelling-reasons standard applies even if contents of the dispositive motion or its attachments have previously been filed under seal or are covered by a generalized protective order, including a discovery phase protective order. *See Foltz*, 331 F.3d at 1136.

The Ninth Circuit has repeatedly confirmed, however, that the traditional compelling-reasons standard applies only "to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana,* 447 F.3d at 1179 (citing *Foltz,* 331 F.3d at 1136 and *San Jose Mercury News, Inc. v. U.S. Dist. Court—N. Dist. (San Jose),* 187 F.3d 1096, 1102 (9th Cir.1999)). "[F]or a *sealed discovery document* attached to a *non-dispositive* motion," the "usual presumption of the public's right of access is rebutted." *Id.* at 1179 (quoting *Phillips v. General Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir.2002) (internal quotation marks and alterations omitted) (emphasis in *Kamakana*). Rather than "compelling reasons," only "good cause" to withhold the information must be shown. *Kamakana,* 447 F.3d at 1180. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

The Eastern District of California has adopted rules to clarify procedures for parties' compliance with the law reviewed above. Local Rule 141 provides that documents may be sealed only by a written order of the court after a particularized request to seal has been made. E.D. Cal. L.R. 141(a). A mere request to seal is not enough under the local rules. Local Rule 141(b) expressly requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." The court's own Standing Order, available on its web page, and its Pretrial Scheduling Order issued in this case, ECF No. 78 at 6, emphasize the requirement that parties comply with the law and the rules in making any sealing request, which they should do lightly and only rarely if at all.

II. DISCUSSION

As this court previously has observed, the Ninth Circuit has not provided detailed guidance on the distinction between dispositive and non-dispositive motions. *AT & T Mobility LLC v. Yeager*, No. 2:13-CV-0007-KJM-DAD, 2015 WL 5687701, at *2 (E.D. Cal. Sept. 25, 2015) (citing *Traylor Bros. v. San Diego Unified Port Dist.,* No. 08cv1019-L(JMA), 2009 U.S. Dist. LEXIS 53827, at *3–4 (S.D. Cal. June 25, 2009)). It is clear, nevertheless, that dispositive matters include at least those that resolve the merits of an underlying dispute. *See, e.g., Kamakana,* 447 F.3d at 1179 (motions for summary judgment are dispositive); *Foltz,* 331 F.3d at 1135–36 (summary judgment is dispositive because it "adjudicates substantive rights and serves as a substitute for trial"). Non-dispositive matters do not resolve the case, or are only "tangentially related" to it. *See Kamakana,* 447 F.3d at 1179; *see also Digital Reg of Texas, LLC v. Adobe Sys., Inc.,* No. 12–1971 CW, 2015 WL 604055, at *1 (N.D. Cal. Feb.11, 2015) (petitions for attorneys' fees are not dispositive); *Traylor Bros.,* 2009 U.S. Dist. LEXIS 53827, at *3–5 (a motion to disqualify is not dispositive).

The Ninth Circuit's decision in *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016), provides the court's most thorough discussion of what constitutes a dispositive motion for sealing purposes. The court summarized its precedent as focusing not on whether the motion is "technically dispositive," but rather "on whether the motion at issue is

more than tangentially related to the underlying cause of action." *Id.* at 1099 (citations omitted). The court reasoned that, although "nondispositive motions are sometimes not related, or only tangentially related, to the merits of the case . . . . plenty of technically nondispositive motions . . . are strongly correlative to the merits of a case." *Id.* (footnote omitted). Accordingly, "public access [to motions and their attachments] will turn on whether the motion is more than tangentially related to the merits of a case." *Id.* at 1101.

District courts in this circuit differ on whether a motion to approve a settlement agreement that releases parties from a case is a dispositive or non-dispositive motion for sealing purposes. *Compare In re Sepracor Inc. Fair Labor Standards Act Litig.,* No. CV-09-1409-PHX-DGC, 2009 WL 3253947, at *1 (D. Ariz. Oct.8, 2009) (applying the *Kamakana* compelling reasons standard after finding that a motion to approve a Fair Labor Standards Act settlement agreement is dispositive), *and White v. Sabatino,* No. CIV. 04-00500 ACK/LE, 2007 WL 2750604, at *2 (D. Haw. Sept.17, 2007) (applying the *Kamakana* compelling reasons standard after finding that a motion to set aside a settlement agreement is dispositive), *with Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc.,* No. 10-CV-02600-LHK, 2011 WL 704456, at *1 (N.D. Cal. Feb.18, 2011) ("Because a motion to determine good faith settlement is only tangentially related to the merits of the underlying cause of action, it constitutes a non-dispositive motion.").

Padilla's request fails to meet either the good cause or compelling-reasons standards, the court declines to resolve at this point the issue of whether Padilla's motion is dispositive or nondispositive.

Padilla's request merely states, in a perfunctory fashion:

> This declaration provides information to the Court concerning, *inter alia*, Plaintiff's current health, and personal information about Ms. Gonzalez, who is Plaintiff's guardian *ad litem*, and Plaintiff's and Ms. Gonzalez's family members (who are not parties to this litigation) that is not relevant to the underlying substantive issues in this litigation. In order to protect this personal and sensitive information, including of non-parties, from public disclosure to the extent possible, permission is hereby requested to file Ms. Gonzalez's declaration under seal.

Req. to Seal Decl. at 1; *see* Notice of Req. to Seal Decl. at 1, ECF No. 291.

This request is not a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips*, 307 F.3d at 1210–11 (internal quotation marks omitted). Padilla's request fails to provide "specific examples or articulated reasoning" required to show good cause. *Beckman Indus.*, 966 F.2d at 476. Padilla has failed to specify what qualifies as personal or sensitive information in the request to seal, and Padilla has not requested redaction of any specific information in the declaration of Cynthia Gonzalez. The court's own review of the declaration of Cynthia Gonzalez has not identified the presence of personal or sensitive information that could justify granting a request to seal the entire declaration. *Cf. Ramirez v. Burwell*, No. 2:16-CV-1511-TLN-EFB P, 2016 WL 5234613, at *4 (E.D. Cal. Sept. 22, 2016) ("Any interest the public may have in the disclosure of these records in this case is outweighed by P.A.'s interest in the privacy of his medical records, psychiatric records, and behavioral history."); *Macias v. Cleaver*, No. 1:13-CV-01819-BAM, 2016 WL 3549257, at *6 (E.D. Cal. June 30, 2016) ("The redactions should include third party address, date of birth, social security number, and driver's license information."); *Bratset v. Davis Joint Unified Sch. Dist.*, No. 2:16-CV-0035-GEB-DB-PS, 2017 WL 3478988, at *1 (E.D. Cal. Aug. 14, 2017) ("[T]he undersigned finds good cause to file the documents under seal as the documents concern plaintiff's sensitive financial information.").

The request to seal is DENIED without prejudice. The Clerk of the Court is directed to destroy the documents submitted in support of the request. Upon any resubmission, plaintiff shall brief the standard applicable to his request and the proper characterization of his submission in support of a motion to approve a good faith settlement. If redaction is sufficient to address plaintiff's legitimate concerns, he shall propose a redacted filing.

IT IS SO ORDERED.

DATED: September 27, 2017.

_____
UNITED STATES DISTRICT JUDGE