UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERMAINE PADILLA,

    Plaintiff,

v.

JEFFREY BEARD, et al.

    Defendants.

No. 2:14-cv-01118-KJM-CKD

ORDER

        Jermaine Padilla, a mentally ill plaintiff for whom the court has appointed a guardian *ad litem*, brought this action against several prison employees for alleged mistreatment while plaintiff was incarcerated in Corcoran State Prison. Compl., ECF No. 1. After five days of jury trial, the parties reached a settlement agreement. Mot. 3, ECF No. 290. Plaintiff now moves to approve the settlement and establish a special needs trust in order to maintain Padilla's eligibility for public benefits. *Id*. at 1. Defendants do not oppose the motion. Defs.' Statement of Non-Opp'n, ECF No. 294. The court heard argument on the motion on November 3, 2017, and requested a focused supplemental brief following, which plaintiff has filed. *See* Suppl. Br., ECF No. 298. Having reviewed all of the briefing, considered the arguments at hearing, and good cause appearing, the court GRANTS plaintiff's motion for the reasons explained below.

/////

1

I.      BACKGROUND

Plaintiff Jermaine Padilla "has been diagnosed with schizophrenia, paranoid type, and has a history of mental illness, including, at times, hospitalization." Mot. 1. Plaintiff receives Medi-Cal and Social Security Disability Insurance (SSDI) based on his psychiatric disability. *Id*. Cynthia Gonzalez was appointed to serve as guardian *ad litem* for plaintiff on January 27, 2017. ECF No. 186.

Plaintiff filed his action in this court alleging defendants "denied him adequate and necessary medical and mental health treatment, were deliberately indifferent to his serious mental health needs, failed to protect him from harm, and subjected him to excessive force in violation of the Eighth Amendment during his incarceration in Corcoran State Prison in 2012." Mot. 2. Plaintiff additionally alleged discrimination in violation of the Americans with Disabilities Act on the basis of his mental disability. *Id*.

After a series of motions to dismiss, summary judgment motions and settlement conferences, a jury trial commenced on April 17, 2017. ECF No. 273. As noted, the parties agreed to settle the case on April 25, 2017, day six of trial. ECF No. 283. On September 15, 2017, plaintiff filed this motion referencing Local Rule 202(b), and on October 20, 2017, defendants filed their statement of non-opposition. Mot; Statement of Non-Opp'n.

II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 17, district courts have a duty to protect the interests of litigants who are minors or incompetent. A district court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). This special duty also requires a district court, in the event of a settlement, to "conduct its own inquiry to determine whether the settlement serves the best interests of the [plaintiff]." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978); *see also* E.D. Cal. R. 202(b) ("No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise.").

/////

The Ninth Circuit has further instructed district courts to "limit the scope of their review to the question whether the net amount distributed to each [] plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the [plaintiff]'s specific claim, and recovery in similar cases." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also Smith v. City of Stockton*, 185 F.Supp.3d 1242, 1243–44 (E.D. Cal. 2016) (applying the *Robidoux* standard in case in which plaintiff was an incompetent individual, not a minor). This fairness determination is made "without regard to the proportion of the total settlement value designated for . . . plaintiff's counsel." *Id.* at 1182.

III. ANALYSIS

    A. Fair and Reasonable

Under the terms of the settlement agreement, defendants agreed to pay plaintiff $950,000. The payment does not include exemplary or punitive damages or pre-judgement or post-judgement interest. Each party agreed to pay its attorney's fees and costs. Plaintiff's counsel will receive 40 percent of the award ($380,000), which plaintiff asserts is standard in civil rights cases. Mot. at 5; Decl. of Lori Rifkin 4, ECF No. 290-4.[1] Plaintiff's counsel also will "receive $73,968.19 in reimbursement for the costs [p]laintiff's attorneys advanced to fund the litigation." Mot. at 6; Decl. at 4. These costs were incurred in the form of two experts' fees for which plaintiff was not billed. Mot. at 6; Decl. at 4. Plaintiff's guardian ad litem seeks no compensation for the significant amount of time she has expended in performing her appointed role. Mot. at 8; Decl. at 4–5. After reimbursing his attorney $453,968.19 in contingency fees and litigations costs, plaintiff will receive $496,031.81[2].

After reviewing the facts of the case and plaintiff's specific claims, the court finds the proposed settlement is fair and reasonable. Under *Robidoux*, this court must consider "recovery in similar cases." 638 F.3d at 1182. Here, the court has reviewed *Smith*, in which the

---

[1] Page number citations are to those appearing at the bottom of the page of a party's filing, unless otherwise noted.

[2] $950,000 – (.40 X 950,000) – $73,968.19 = $496,031.81.

court surveyed other cases and approved a $280,000 gross settlement with a 40 percent contingency fee and litigation costs subtracted from plaintiff's total recovery. In *Smith*, plaintiff, "a developmentally delayed adult," was allegedly unlawfully tackled, restrained and arrested by a police officer and attacked by a police dog. 185 F.Supp.3d at 1243. The parties settled the case after mediating with the assistance of a former judge of the court. *Id*. at 1244. They filed notice of settlement within two months after the complaint was filed. *See* Notice of Settlement, *Smith v. City of Stockton*, Case No. 15-cv-2511 MCE AC (E.D. Cal. Jan. 28, 2016) (following filing of complaint on Dec. 2, 2015). Taking into account that the plaintiff in *Smith* avoided the time and costs of preparing for and initiating trial, *Smith* is sufficiently analogous to support the court's determination that the settlement in this case is fair and reasonable.

        B.      <u>Preservation of Eligibility for Need-Based Benefits</u>

An additional consideration in this case relates to plaintiff's receipt of needs-based benefits in the form of Medi-Cal and his eligibility to receive SSI. Plaintiff, through his guardian ad litem, has filed a separate petition to create a special needs trust. "Because SSI and Medi-Cal are 'needs-based,' outright distribution of assets to [plaintiff] or a conservatorship estate will result in his losing eligibility for this vital public benefit unless the assets are directed to a qualifying special needs trust." Pet. to Establish Special Needs Trust, ECF No. 290-2. In light of his mental illness, plaintiff has been unable to hold employment and therefore has been dependent on his benefit payments. Decl. of Cynthia Gonzalez 4, ECF No. 295. Plaintiff's guardian has expressed concern that plaintiff will lose his benefits if he receives his settlement fund in one lump sum. *Id*. at 5. Plaintiff and his mother reportedly have expressed their desire for plaintiff to receive the settlement as a lump sum. *See id*. at 1. Having carefully considered this request, the court has determined the interests of justice support relying on plaintiff's guardian *ad litem* as his appointed representative; her request serves the plaintiff's best interests, all things considered. *Id*. Accordingly, the court finds good cause to allow plaintiff's net settlement proceeds to be distributed to a special needs trust to preserve his eligibility for SSI and Medi-Cal benefits.

/////

/////

IV. <u>CONCLUSION</u>

As set forth above, the court finds the proposed settlement and special needs trust serve the best interests of the plaintiff. It therefore GRANTS the motion to approve settlement and establish a special needs trust.

To effect this order, defendants are directed to immediately deposit funds, in the amount of plaintiff's share of the settlement proceeds, $496,031.81, in the court's deposit fund.

Plaintiff's counsel is directed to promptly file with the court a notice confirming the identity of the trustee for the special needs trust and the trustee's address for the purposes of disbursement of plaintiff's share of the proceeds. Upon review and receipt of the notice, the court will provide further direction to the Clerk's Office.

The court APPROVES and directs defendants to make payment of $453,968.19 to plaintiff's counsel as "Hadsell Stormer & Renick LLP General Account," with payment made in accordance with the parties' settlement agreement attached hereto and incorporated herein as Exhibit A.

IT IS SO ORDERED.

DATED: December 5, 2017.

_____
UNITED STATES DISTRICT JUDGE